# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CORNWALL V. THE COMMONWEALTH.

DECEMBER 9th, 1886.

Absent, LEWIS, P.

1. COMMONWEALTH—*Suits against.*—No one can sue the State except by her consent and as provided by law.
2. CONSTITUTION OF U. S., ART. I, SEC. 10—*Rules of evidence.*—This section has no application whatever to rules of evidence prescribed by the law-making power of this State to govern proceedings in her own courts.
3. IDEM—*Taxes—Coupons—State bonds.*—Act of January 26, 1886 (Acts 1885-6, p. 40), requiring in any suit to test genuineness of coupons purporting to be cut from State bonds, production of the bonds with proof that the coupons were actually cut therefrom, is not repugnant to said section.
4. IDEM—*Expert-evidence.*—Act of January 21, 1886 (Acts 1885-6, p. 36), forbidding expert-evidence to prove genuineness of any instrument made by machinery, &c., is not repugnant to said section.

Error to judgment of circuit court of Henrico county, rendered 26th February, 1886, affirming judgment of county court of said county rendered 8th February, 1886, in a proceeding under act of January 14, 1882, by George Cornwall against the Commonwealth, to verify coupons tendered by him to pay his State taxes for 1883. The judgment was that Cornwall take nothing by his petition, but for his false clamor be in mercy, and that the defendant go thereof without day. At the trial, Commonwealth's attorney required the State bonds

to be produced from which the coupons had been cut, under act of January 26, 1886. Plaintiff objected on the ground that said act was repugnant to Constitution of the United States, Article I, section 10. The court overruled the objection, and the bonds not being produced, excluded the coupons as evidence. Plaintiff excepted. Plaintiff offered expert-evidence to prove the genuineness of the coupons. The court excluded the evidence under the act of January 21, 1886, though plaintiff insisted that said act was also repugnant to said section of the said Constitution. Plaintiff excepted, and obtained from one of the judges of this court a writ of error and *supersedeas.*

*Sands & Bryan,* for the plaintiff in error.

*R. A. Ayers,* Attorney-General, and *W. R. Meredith,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

Having tendered coupons in payment of his taxes, upon the verification of the same, the plaintiff in error was required to produce the bond from which the said coupons were cut, the said coupons not being signed by the treasurer of the State, nor any other officer of the State, but being wholly printed or engraved by machinery.

This is a plain requirement of the law of this State, the bond being signed by the State treasurer, it was the best evidence of the execution of both bond and coupons, if the same had in fact been executed by any person authorized by law to bind the State. The plaintiff in error refused to produce the bond, not alleging any inability to do so, but claimed that the law of this State so requiring the bond to be produced

was unconstitutional, in that it was in conflict with the tenth section, article one of the United States Constitution, which provides that no State shall pass any law impairing the obligation of contracts. This rule of evidence is in accordance with the common law principle of evidence in force in this State, which is in force and applicable to all the citizens of this State alike, and in no way whatever affects the obligation of any contract, proved or unproved, real or imaginary.

The cited clause of the United States Constitution has no application whatever to rules of evidence prescribed by the law making power of this State, to govern proceedings in her own courts. The said provision of the United States Constitution has no application to this case. This is a suit against the State of Virginia, and the plaintiff in error can only sue the State by her own consent, and when he avails of this consent he must pursue the remedy as it is provided by the law. He has no other in this or any other forum.

As to the other question, that the court refused to allow the counsel in the case to act as an expert in the premises, and prove the genuineness of the coupons he had been employed to collect, we are of opinion that the trial court was plainly right. The laws of Virginia forbid the use of expert testimony in such cases, and even though this attorney-at-law should be an expert in such matters, he could not be received as such under our laws until the Legislature of Virginia shall see fit to change the law upon this subject.

There is no error in the judgment complained of, and it must be affirmed.

JUDGMENT AFFIRMED.