[No. 886.    October 2, 1901.]

## JAMES J. HAGERMAN, Appellant, v. TERRITORY OF NEW MEXICO, Appellee.

### SYLLABUS.

1. An action, brought in the name of the Territory of New Mexico for delinquent taxes which are by law declared to be the property of the county in which they are assessed and when collected to be payable directly into the funds of such county, is not barred by the general statute of limitations of the Territory of New Mexico.

Appeal from the district court of Eddy county, before FRANK W. PARKER, A. J.    Affirmed.

A. C. CAMBELL for appellant.

Where taxes are sought to be recovered by an action in court, the general statute of limitations is applicable as a defense unless the statute provides otherwise.

Cooley on Taxation (2 Ed.), 435.

City and County of San. F. v. Jones, 20 Fed. 188.

Rice v. Tuckerman, 121 Mass. 222.

Henderson v. Whitenger, 56 Ind. 131.

State v. Mining Co., 14 Nev. 220-226.

Perry Co. v. Ry. Co., 58 Ala. 546.

Action should be brought within four years from the date when the taxes become due.

Compiled Laws of New Mexico, sec. 2916.

The taxes involved in this proceeding became delinquent on the first day of July, 1895, and this action was commenced February 26, 1900.

> Session Laws of New Mexico, 1897, p. 135.
> Cooley on Taxation (2 Ed.), 15-16.
> Buswell on Limitations and Adverse Possession, sec. 99.
> Forsythe v. Wheeling, 19 W. Va. 308.
> Gaines v. Hot Springs Co., 39 Ark. 262.
> Gibson v. Chauteau, 13 Wallace 92.
> Boswell on Limitations and Adverse Possession, sec. 98.
> Hart's Appeal, 32 Conn. 521.
> City and County of San Francisco v. Jones, 20 Fed. 190.

HON. E. L. BARTLETT, Solicitor General, for appellee.

Where private interests are concerned the statute runs, but where the whole public is interested, as in taxation, it does not run even against municipalities.

> Forsythe v. City of Wheeling, 19 W. Va. 318.
> County of Platte v. Godell, 97 Ill. 92.
> Greenwood v. Town of La Salle, 137 Ill. 225.
> People v. Town, 121 Ill. 157.
> 1 Wood on Limitations (2 Ed.), 117-118.
> 13 Am. and Eng. Ency. Law, 714.
> Gibson v. Chauteau, 13 Wall. 92-99.
> Perry Co. v. Ry. Co., 58 Ala. 546-566-567.
> City of Memphis v. Looney, 9 Baxter (Tenn.) 130.
> 2 Dillon Municipal Corporations, sec. 533.
> 2 Dillon Municipal Corporations, p. 136.
> Magee v. Com., 46 Penn. St. 365.

The rule is, that laches of public officers will not discharge the obligation.

> Dox. v. Postmaster General, 1 Pet. (U. S.) 325.

U. S. v. Van Landt, 11 Wheat. (U. S.) 190.

U. S. v. Alexandria, 19 Fed. 609-11.

U. S. v. Kirkpatrick, 9 Wheat. (U. S.) 720.

U. S. v. Insley, 130 U. S. 266.

Staughton v. Baker et al., 4 Mass. 521.

County of Madison v. Bartlett, 1 Scammon (Ill.) 70.

Cooley on Taxation, pp. 3-4.

In the matter of the extension of Hancock street, 18 Pa. St. 26-30.

State v. School District, 34 Kan. 242.

Des Moines county, to the use, etc., v. Harker, 34 Iowa 84, 86, and cases there cited.

Weber v. Harbor Commissioners, 18 Wall. (U. S.) 70.

2 Mason, C. C. 314.

Williams v. Bank of Mich., 7 Wend. (N. Y.) 542.

Vincennes University v. Indiana, 14 How. (U. S.) 268.

Miners Bank v. Iowa, 12 How. (U. S.) 1.

U. S. v. Thompson, 98 U. S. 488-489.

In Walker v. Southern Pac. R. R. Co., 165 U. S. 604, a case that went up from this court, the Supreme Court of the United States, says: "New Mexico is a Territory, but in it the Legislature has all legislative power, except as limited by the constitution of the United States, the Organic Act, and the laws of Congress appertaining thereto."

On the general subject of taxation in the territories, see Maish v. Arizona, 164 U. S. 608.

CRUMPACKER, J.—This is an appeal from the judgment of the court rendered against lands owned by the appellant in an action instituted in the district court of Eddy county, on February 26, 1900, by the district attorney, in the name of the Territory of New Mexico, against the persons, real estate, land and property de-

scribed in the delinquent tax list of the county of Eddy, for the years 1890 to 1898, said action being brought under the provisions of chapter 22, Session Laws of New Mexico, 1899.

The complaint sets forth every allegation necessary to confer jurisdiction upon said court and shows that in 1894 certain taxes were levied against the property therein described, belonging at that time to the Pecos Irrigated Farms Company; that the said taxes had not been paid and had long been delinquent, and judgment was thereby demanded against said property for said delinquent taxes, accrued interest, penalty and costs. On March 7, 1900, appellant herein filed his answer to said complaint alleging as a first defense, that after the taxes for the year 1894 had been levied against the property of the Pecos Irrigated Farms Company and prior to June 1, 1899, he became the owner of a portion of said lands against which judgment was sought to be obtained for said taxes of 1894; that prior to July 1, 1899, he had tendered to the county treasurer of Eddy county all taxes then claimed to be due against said property and that the said treasurer had failed to notify him that there were any taxes due against said property for the year 1894: As a second defense appellant alleged that four years had elapsed since said taxes became due and payable and that no proceedings had been instituted to enforce the collection thereof until after the expiration of four years from the time the same became due, payable and delinquent. No reply was filed to the first defense. To the second defense, the district attorney, interposed a demurrer which was sustained by the court. Upon entering the order sustaining the demurrer, appellant excepted, and refusing to plead further, trial was had without the intervention of a jury upon the pleadings, resulting in a judgment in favor of appellee against the property described in appellant's answer, for the sum of two hundred and eighty-three dollars and ninety-two cents, being the taxes levied

against said property for the year 1894, exclusive of any interest, penalty or costs.

Appellant assigns the following errors: "1. The trial court erred in sustaining the demurrer of the attorney for appellee to the second defense of appellant's answer: 2. The trial court erred in rendering judgment in favor of appellee and against the land described in appellant's answer." Both assignments involve the same principle of law: Can the statute of limitations of the Territory of New Mexico be invoked to defeat this action brought February 29, 1900, to recover a judgment for taxes levied in 1894? That statutes of limitations never apply to the sovereign or government, unless expressly named therein, is universally accepted as the law in the United States. City of Wilmington v. Crowley, 30 S. E. (N. C.) 9; Gibson v. Chauteau, 13 Wall. 32; Greenwood v. Town of La Salle, 37 Ill. 225; State v. School Dist., 34 Kan. 242; Des Moines County, etc., v. Harper, 34 Ia. 84; Weber v. Harbor Commrs., 18 Wall. 70; Dillon, Law of Municipal Corporations, vol. 2, sec. 673. We conclude therefore, without further argument, that appellant's contention that the New Mexico "general statute of limitations is applicable as a defense unless the statute provides otherwise" is untenable.

Nor is the contention that the Territory of New Mexico has no attribute of sovereignty tenable. The New Mexico legislative assembly has all legislative power. Walker v. Southern Pacific Railroad Company, 165 U. S. 604. And this power includes the legitimate exercise of the power of taxation. Thomas v. Gay, 169 U. S. 264.

It is further insisted by the appellant that the general principle that the ordinary statute of limitations can not be interposed to defeat a claim of the government, has no application to the case at bar, as the government, i. e., the Territory of New Mexico has no interest in the taxes delinquent July 1, 1895, here involved,

the Legislature having provided (section 21, chap. 60 Session Laws 1897; section 4184, C. L. of N. M. 1897) that "all delinquent taxes due the Territory on the first day of July, 1895, are hereby declared to be the property of the respective counties in which the same are assessed, and when collected, shall be paid to the general county fund of the several counties of the Territory." We think, however, that the principle has application to this case. Under our system of government a county is a civil subdivision of the Territory, and exists as a municipal corporation merely for the purpose of carrying on the territorial government; and it is well settled that the plea of the statute of limitations is no denfense to those actions by such corporation involving public rights, such as taxation, unless the statute expressly so provides. Dillon, Municipal Corporations, sec. 533; County of Platt v. Godell, 97 Ill. 92; City of Memphis v. Looney, 9 Baxter; Magee v. Comm., 46 Penn. St. 365; Greenwood v. Town, 137 Ill. 228; County of Madison v. Bartlett, 1 Scam. (Ill.) 70; People v. Town, 121 Ill. 655; 1 Wood on Limitations (2 Ed.), 117-118; 13 A. & E. Ency. of Law, 714; City v. Co., etc., of San Francisco, 20 Fed. 190. And, as we have already observed, our statute contains no such provision. Section 2916, C. L. of N. M., 1897.

Finding no error in the record of this cause, the judgment of the court below will be affirmed with costs.

Mills, C. J., McMillan and McFie, JJ., concur.