Strafford, ⎞
June, 3, 1924 ⎠

LINDLEY I. JENNESS v. JOHN BARTON PAYNE, *Director-General.*

Under 41 U. S. Stat., *c.* 91, *s.* 206 (a), "actions at law . . . based on causes of action arising out of the . . . operation . . . of the railroad . . . of any carrier" by the government while the railroad was under federal control must "be brought against an agent designated by the President for such purpose," if brought after the termination of federal control; such an action brought after March 1, 1920, against John Barton Payne, director-general, is not an action against the government though John Barton Payne is the "agent designated by the President for such purpose."

CASE, for negligently killing a pair of the plaintiff's horses at a grade crossing on the Boston & Maine Railroad while it was operated by the defendant as director-general of railroads. The case was heard on the defendant's motion to dismiss by *Branch,* J., who denied the motion and allowed a bill of exceptions. The horses were killed February 25, 1919, and the suit was brought December 31, 1920, and entered at the February, 1921, term. John Barton Payne, director-general of railroads, appeared specially, but nothing further was done until March 4, 1922, when he moved to dismiss because of the plaintiff's failure to comply with the provisions of the federal statutes which authorize suits on causes of action arising out of federal control.

The court denied the motion on the ground that his (Payne's) failure to make his motion to dismiss during the first term, (1) made his appearance general and (2) estopped him to set up the plaintiff's failure to comply with the statute as a defence to the action.

*Mathews & Stevens,* for the plaintiff.

*Snow & Cooper* and *Hughes & Doe* (*Mr. Snow* orally), for the defendant.

YOUNG, J. While the orders and decrees of the court are binding on the parties to an action, they have no force or effect in so far as the rights of others are concerned. Since the federal government, if anyone, is liable for the damage the plaintiff has sustained, the test to determine whether it is bound by the order of the court is to inquire whether it is a party to this proceeding. Whether it is, depends on whether the plaintiff has complied with the provisions of

41 U. S. Stat. *p.* 461; Fed. Stat. Annotated Supplement, *s.* 206 (b), 1920, page 77, which gives the court jurisdiction of causes of action arising out of federal control and prescribes the way in which the plaintiff may make the federal government a party to the suit.

Since the government cannot be sued without its consent (*Cornwall* v. *Commonwealth*, 82 Va. 644; *State* v. *Insurance Co.*, 175 Ind. 59; *Raymond* v. *State*, 54 Miss. 562), it must be held that it is not a party to this proceeding, for the statute which authorizes suits on such causes of action provides that after federal control terminates such suits shall be brought against an agent designated by the president; not as was done in this case, against the director-general of railroads.

The court has found that the director-general's appearance is general, but it by no means follows from this that his appearance is the appearance of the federal government. The docket entry shows that he appeared for himself in his official capacity and there is no evidence in the case which even tends to the conclusion that he appeared in any other capacity.

The court found from the fact the director-general of railroads and the agent designated by the president to defend suits on such causes of action are the same person, that making John Barton Payne director-general of railroads instead of agent designated by the president was a mere misnomer and that the only way in which it can be taken advantage of was by a plea in abatement filed during the first four days of the term.

It is enough in so far as this finding is concerned to say that the only way in which the plaintiff can make the government a party to the proceeding is by proceeding in accordance with the provisions of *s.* 206 (a), and that he failed to do. In other words, although congress might have provided that the government may be made a party in the same way as an individual, it has not done so, consequently it cannot be found that the government is the defendant in this action from the mere fact the same man happened to be director-general of railroads and agent designated by the president to defend suits on causes of action arising out of federal control.

There is no evidence to sustain the court's finding that the government is estopped by reason of the director-general of railroads' failure to file his motion to dismiss during the first term, to set up the plaintiff's failure to comply with the provisions of *s.* 206 (a) as a defence to this action.

It is said to be the general rule that a state cannot be estopped except by an act of its own legislature, 10 R. C. L. 673, *s.* 1; but if

it is assumed that it may be estopped by acts of its agents in the same way as an individual and that John Barton Payne was agent of the government to settle the plaintiff's claims, it cannot be found that the government is estopped to make this defence by the mere fact that if the director-general of railroads had made his motion to dismiss at any time prior to February 28, 1922, the plaintiff could have saved himself from loss by bringing a new suit, for there is no rule of court written or unwritten which makes it the duty of a defendant to notify the plaintiff of the facts on which he bases his defence before the trial, unless the court orders him to.

As the director-general owed the plaintiff no duty to notify him that he had not complied with the provisions of *s.* 206 (a) before the statute of limitations had run, it cannot be found that he is estopped to set that fact up as a defence to this action, for in order to establish an equitable estoppel, the party who claims it must show that he was induced to act to his damage by the other party's illegal act, that is by failure to perform a duty the law imposed on that party for his benefit.

In this case, the defendant owed the plaintiff no duty to notify him that he had not complied with the provisions of *s.* 206 (a) and that if he did not correct the mistake before February 28, 1922, the statute would have run against his claim.

Since the defendant owed the plaintiff no duty to notify him of these facts, his failure to do so furnishes no ground for an estoppel.

*Exception sustained.*

SNOW, J., did not sit: the others concurred.