201 P.2d 993

ROSS (STATE TAX COMMISSION, Intervenor) v. DANIEL et al.

No. 5152.

Supreme Court of New Mexico.

Jan. 13, 1949.

E. Ray Phelps, of Clayton, and H. M. Rodrick, of Raton, for plaintiff-appellant.

E. P. Ripley, Tax Commission Attorney, of Santa Fe, for intervenor-appellant.

D. A. Paddock, of Clayton, for appellees.

COMPTON, Justice.

This is a suit to quiet title and for an accounting.

Appellant, C. C. Ross, was the owner of the lands in question upon which taxes became delinquent for the year 1934 and which was offered at tax sale commencing December 2, 1935. There was no individual bidder therefor.

On August 18, 1937 the County Treasurer issued a tax sale certificate thereon to the state. Thereafter, on January 26, 1938, the Treasurer assigned the certificate and issued a tax deed to appellee, D. C. Daniel. Subsequently, D. C. Daniel conveyed the premises to appellee, Oscar Oldham, who now claims title thereto.

Appellant Ross asserts his claim in two counts. In the first count it is alleged that he was unable to pay the taxes that had accrued on the premises in order to protect the title. That appellee Daniel for many years had been his family physician and that he placed great trust and confidence in him. That on or about November 25, 1937 it was agreed between them that appellee would buy the tax title and pay all subsequent taxes, thereby preventing the title from falling into the hands of someone in whom appellant had less trust and confidence, and hold the same until such time as appellant was able to reimburse him. It is further alleged that appellant promised to pay on the debt created thereby the sum of $16.00

annually, and that on March 15, 1943, having fully reimbursed appellee he demanded a re-conveyance of the title which was refused. Appellant's prayer was for an accounting and for a re-conveyance of the title upon payment of any sum found to be due "upon the debt created".

In the second count it is alleged that the acts of the County Treasurer in issuing the tax sale certificate and the delivery of the tax deed to appellee Daniel after the expiration of the period of redemption were ultra vires. Issue was joined by general denial. By cross-complaint appellee Oldham seeks to quiet title to the premises. Intervenor, State Tax Commission, seeking to quiet title asserts that on the last day of the sale, December 6, 1935, there being no individual bidder therefor, the title passed to the state and that the state is now the owner subject to the preferential right of repurchase.

When the cause came on for hearing appellant Ross moved to dismiss count one which was denied, and over objections, the court admitted evidence to establish claims founded upon a promissory note and for professional services.

The court found first, that appellant Ross was indebted to appellee Daniel on a note and for professional services in amount of $338.00; second, that no trust relations existed between them; third, that appellant and intervenor, by their laches, are barred from maintaining any action to test the validity of the tax proceeding and are estopped from asserting any claim to the premises; fourth, that appellee Oldham is entitled to a decree quieting title. Judgment was awarded accordingly and the matter is brought here for review.

The questions for our determination are, (a) whether appellee Daniel, under the circumstances, is entitled to an accounting; (b) whether the acts of assignment of a tax sale certificate and the issuance of a tax deed to an individual purchaser, subsequent to the expiration of the period of redemption, are ultra vires; (c) whether the failure of the State Tax Commission to prepare tax sale certificates and tax deeds, after the Treasurer had failed to do so, works an estoppel; (d) whether the statute of limitations for testing the validity of tax proceedings may be invoked against the state; and (e) whether the doctrine of laches may be invoked.

The applicable statutes are:

"On the fifth day of the sale, all property on which no acceptable bid has been received, shall be sold to the state of New Mexico for the amount of the taxes, penalties, interest and costs due thereon." * * * 76-707, New Mex.Stat.1941 Comp.

"The tax sale certificate shall vest in the purchaser, his heirs, successors and assigns, or the state and its successors and

assigns, as the case may be, subject to the right of redemption as provided in this act, the right to a complete title to the property described therein; * * * The state shall be deemed a purchaser within the meaning of this act." 76-708, New Mex.Stat.1941 Comp.

"Any actions to test the validity of any proceedings * * * whereby it is sought to avoid any sale under the provisions of this act, * * * shall be commenced within two (2) years from the date of sale, and not afterward." 76-727, New Mex. Stat.1941 Comp.

"The person whose title to property has been extinguished by the issuance of a tax deed to the state shall have the first and prior right to repurchase such property, provided that application for such repurchase is received by the state tax commission before any other application to purchase such property is received and accepted by said commission. * * *" 76-740, New Mex.Stat.1941 Comp.

■ As previously stated, it is alleged that appellee Daniel agreed to purchase the title and hold it in trust, and that appellant would pay "on the trust created" $16.00 annually. The annual taxes on the premises were considerably less than the annual payments on the debt created. It is concerning this particular transaction that appellant sought an accounting. Affirmative relief was neither sought by counter-claim nor cross-claim. Neverthe-less, the court admitted the evidence complained of and rendered a judgment that is not supported by the pleadings. And since there are no pleadings with respect to prior transactions and occurrences the evidence as to such previous transactions is clearly inadmissible. Rule 13 of the Rules of Civil Procedure, 1941 Comp. § 19-101.

■ The rule in this respect is stated at 1 Am.Jur, "Accounts and Accounting", Sec. 63 as follows:

"It is well settled that a suit in equity for an accounting constitutes an exception to the general rule in equity that affirmative relief will not be granted to a defendant unless he makes claim to it by a cross bill or counterclaim; that a bill, in such a suit, imports an offer on the part of the complainant to pay any balance that may be found against him; that upon such an accounting both parties are actors, and either is entitled, according to the result, to the aid of the court to recover the balance that may be found in his favor; and that it is not necessary for the respondent to file any cross bill, or to set up matter in his answer in lieu of such cross bill. But the rule that the defendant in a suit for an accounting may obtain affirmative relief without filing a cross bill or counterclaim therefor *does not apply where the relief granted is not within the scope of the complainant's bill.*" (Emphasis ours.)

The courts uniformly follow the rule. Miller v. Casey, 176 Mich. 221, 142 N.W.

589; Alywin v. Morley, 41 Mont. 191, 108 P. 778; Wilcoxon v. Wilcoxon, 199 Ill. 244, 65 N.E. 229.

In Kershner v. Sganzini, 45 N.M. 195, 113 P.2d 576, 581, 134 A.L.R. 1290, this court considered a very similar tax case. A tax sale was held in 1936 for the 1935 taxes. After the expiration of the period of redemption the Treasurer issued a certificate of sale and tax deed to an individual purchaser. In passing upon the question presented, we said:

"Appellees are, therefore, strangers to the title because they hold under a deed executed without authority of law. It is based upon a tax certificate which the treasurer had no authority to sell or assign after Dec. 12, 1938, but which, nevertheless, he did attempt to sell and assign thereafter. * * * The power, and likewise the duty, of the treasurer to issue the deed to the state, which, as we have said, should have been issued immediately upon expiration of the two-year period of redemption, still exists."

■ See also Hughes v. Raney, 45 N. M. 89, 110 P.2d 544; where we held that title to property unsold on the last day of sale passed to the state by operation of law.

■ By authority of those cases it is our conclusion that on the last day of the sale the title vested in the state is subject to the preferential right of repurchase by the former owner. The attempted assignment of the tax sale certificate and the issuance of the tax deed are unavailing. The Treasurer's power to sell land for delinquent taxes must be found in the statutes. The state has defined that authority and the unauthorized acts of its officers cannot extend it.

■■ Ordinarily, the statute of limitations does not apply to the state when suing in its sovereign capacity. Particularly this is the rule unless the statute expressly so provides; or, unless by legislative intent, its applicability to the state appears by the clearest implication. 34 Am.Jur. "Limitations", Sec. 393; Hagerman v. Territory, 11 N.M. 156, 66 P. 526; State v. Roy, 41 N.M. 308, 68 P.2d 162.

■■ Whatever may be the rule in respect to private interests it may be safely said that the unauthorized acts of public officers do not present grounds for estoppel against the state where such acts relate to the performance of a public duty.

At 19 Am.Jur. "Estoppel", Sec. 166, we find the rule announced as follows:

" * * * A state cannot be estopped by the unauthorized acts or representations of its officers. It may be estopped only by an act of the legislature where the legislature possesses the sole power to bind it in the transaction in which an estoppel is alleged to arise. * * *" Citing Jenness v. Payne, 81 N.H. 308, 125 A. 679;

State v. Hutchins, 79 N.H. 132, 105 A. 519, 2 A.L.R. 1685.

The rule is generally followed. State v. Red River Valley Co., 51 N.M. 207, 182 P.2d 421; State ex rel. Veale v. Paul, 113 Kan. 412, 214 P. 425; Wood v. M., K. & T. Ry. Co., 11 Kan. 323; Outer Harbor Dock & Wharf Co. v. City of Los Angeles, 49 Cal.App. 120, 193 P. 137. See also Annotations, 49 Am.Jur. 299.

The doctrines of laches and estoppel are so related that what has been said with respect to estoppel applies with equal force to the doctrine of laches. The tardiness of public officers in the performance of duties enjoined upon them by statutes cannot be entertained as a defense to an action by the state to enforce a public right or to protect public interests. 19 Am.Jur. "Estoppel", Sec. 496. See also State v. Vincent, 152 Or. 205, 52 P.2d 203, and Annotations appearing at 2 Am.St. Rep. 789.

The judgment will be reversed with directions to the trial court to reinstate the case upon its docket, enter an order reversing the judgment, and enter a decree quieting title in the state of New Mexico subject to the preferential right of repurchase by appellant, C. C. Ross.

And it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.