217 P.2d 260

**HOPPER et al. v. WHITE.**

No. 5171.

Supreme Court of New Mexico.

April 14, 1950.

E. E. Young, James M. H. Cullender, Roswell, for appellants.

Frazier, Quantius & Cusack, Roswell, for appellee.

COMPTON, Justice.

This is a suit for damages, resulting from alleged breach of contract. Appellants contend that they contracted to sell certain farming equipment and an agricultural lease to appellee for a consideration of $3,000 and that appellee accepted the offer but refused to consummate the deal. On this account, they claim that they have been damaged in the sum of $3,000. Appellee's answer to this contention is a general denial. As an affirmative defense, he pleads fraud in the procurement of the contract. By cross-complaint, he alleges that by reason of the false and fraudulent representations exercised by appellants and relied upon by him, that he has been damaged in the amount of $400, and seeks judgment accordingly. The case was tried to the court without a jury and at the conclusion of the hearing, the court made the following material findings:

"1. That in August, 1947, the parties hereto negotiated for the sale by Plaintiffs, and the purchase by Defendant of certain farming equipment located on the Casey farm near Hondo in Lincoln County, New Mexico and a lease on said farm, for a total consideration of $3,000.00

"10. That there was no meeting of the minds of the parties hereto.

"11. The Court finds the issues generally in favor of Defendant, and against Plaintiffs, except that as to the Cross-Complaint the Court finds that there having been no meeting of minds of the parties hereto, the loss sustained by Defendant was the result of a misunderstanding.

"13. There was no fraud on part of Plaintiffs in connection with the transaction."

Subsequently, supplementing its decision, the court made the following additional findings:

"(1) No contract for purchase by defendant from plaintiffs of farm equipment and an agricultural lease were entered into. The plaintiff offered to enter into a contract with the defendant, a material provision of which proposed contract was that the remaining portion of the term of plaintiffs' lease would be assigned to the defendant.

"(2) That the remaining portion of the plaintiffs' lease was less than three years.

"(3)  That the defendant proposed to enter into a contract for purchase of the plaintiffs' machinery and for the execution to him of a three year farm lease.

"(4)  That obtaining a three year farm lease was a material provision of the contract which defendant offered to enter into.

"(5)  That no three year lease was available either to plaintiff or defendant on the land in question."

Appellants challenged the sufficiency of the evidence to sustain the findings and requested the trial court to make separate findings of fact which were refused.  These requests are of themselves a challenge to the sufficiency of the evidence to support the material findings.

Appellants were the owners of an agricultural lease upon the Robert F. Casey farm, near Hondo, New Mexico, dated May 16, 1947, and which, by its terms, expired December 31, 1948.  It is this lease, with one years extension thereon, that appellee proposed to purchase.  When the parties contacted Casey, the landlord, concerning the lease, he refused to grant an extension.  The importance of a three year lease and their reliance thereon as a basis of any agreement between them is best shown by appellee, testifying in his own behalf.  He testified as follows:

"Q.  Would you have entered into the purchase unless you got a three year lease? A.  No, sir, as the place was so torn up I could not have gotten it straightened out in one year.

"Q.  Did you at any time agree to go through with the deal with anything less than a three year lease?  A.  No, sir.

"Q.  Did Mr. Hopper offer you a three year lease?  A.  He promised it to me.

"Q.  But he never actually tendered it to you?  A.  No, sir.

"Q.  Did you talk to Mr. Casey as soon as you could?  A.  Yes, sir.  I did not know the man, and Mr. Hopper and the Government man promised me a three year lease, and Mr. Hopper told me where Mr. Casey lived but I never could catch him, and Mr. Hopper said, 'I will get you a three year lease on the place from him,' and this man I sent up there saw Mr. Hopper and said, 'Did you get the three year lease,' and he said, 'Yes, I saw Mr. Casey and he said I could have a three year lease,' and I was going to go on with the deal that way, and the Government check came in and Mr. Pittard asked me to come in and get it, but I said I would not get the money until I got the lease on the place, * * *.

"Q.  What did Mr. Hopper have to say? A.  He studied a little bit and he said, 'I am sorry, I thought we could get any amount of lease on the place we wanted; I am awful sorry it turned out that way.'"

The trial court properly concluded that no enforceable contract was entered into and that any agreement between the

parties was conditioned on the buyer being able to obtain a three year lease upon the Casey farm.

It is well established that the findings of the trial court, if supported by substantial evidence, are the facts upon which the case will be tried here. Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900; Flippo v. Martin, 52 N.M. 402, 200 P.2d 366. And the evidence must be viewed in an aspect most favorable to appellee and all disputed facts must be resolved in his favor. Marchbanks v. McCullough, 47 N. M. 13, 132 P.2d 426; Keil v. Wilson, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397; Flippo v. Martin, supra.

The judgment will be affirmed and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.