257 P.2d 929

**WERNER v. GARCIA.**

**No. 5539.**

Supreme Court of New Mexico.

May 27, 1953.

Dale B. Walker, Albuquerque, for appellant.

Gilberto Espinosa, Albuquerque, for appellee.

LUJAN, Justice.

The plaintiff commenced this suit to quiet title to 6.65 acres of land situated in Sandoval County. Plaintiff's title rests on a tax deed executed to him on January 23, 1950, by the county treasurer. This appeal is prosecuted from the judgment entered in favor of plaintiff quieting his title to the disputed land.

For many years prior to May 1, 1947, Frank A. Gonzales and Grace Gonzales, his wife, were the record owners of the land involved herein. On January 30, 1945, Frank A. Gonzales personally returned this property for taxation, but without his knowledge or consent some one unknown to him inserted the following notation on his tax schedule: "To be assessed by Isabel Garcia for 1946." On March 22, 1946, Mr. Abousleman, Deputy Assessor, assessed the property in the name of Isabel Garcia, mother of defendant, and made the following notation on the schedule: "This may be a double ass. If so cancel this one." On May 1, 1947, Frank A. Gonzales and Grace Gonzales, his wife, conveyed by warranty deed the disputed property to Florencio Garcia, the defendant, who never, at any time, returned the property for taxation. The property continued to be assessed in the name of defendant's mother, Isabel Garcia, for the years 1946, 1947, 1948 and 1949. On January 19, 1948, the county treasurer sold the property to the State of New Mexico for the delinquent taxes for the year 1946. On January 23, 1950, the county treasurer assigned the tax sale certificate to the plaintiff, upon which a tax deed was issued to him.

Upon the trial, plaintiff offered in evidence, to prove his allegations of title and ownership, the tax sale certificate and tax deed issued to him by the county treasurer dated January 23, 1950, wherein the treasurer undertook to convey to plaintiff the title to the land in controversy. The deed recited, among other things that, "it was issued pursuant to the sale of the above described property for taxes, penalties, interest and costs, for the year or years 1946 in the total sum of Thirty-six and Ninety-five Hundredth ($36.95) Dollars, held on the 19th day of January, 1948, and the Tax Sale Certificate No. 7772 therefor issued and dated the 19th day of January, 1948, *more than two years having elapsed since the date of the said tax sale*

*certificate* and the property not having been redeemed." (Emphasis ours.)

At the conclusion of the trial the court, among others, made the following findings of fact:

"No. 9. That lands which are the subject matter of this action were regularly assessed to taxation for the year 1946. Neither the Property Tax nor the Conservancy Tax were paid and remained delinquent until the 19th of January, 1948, when they were regularly sold to the State of New Mexico under Tax Sale Certificate No. 7722, which certificate was regularly sold and assigned to Plaintiff Thomas Werner, Jr.

"No. 10. On the 23rd day of January, 1950, more than two years after the issuance of Tax Sale Certificate No. 7722, no redemption having been had, the Treasurer of Sandoval County regularly issued to Thomas Werner, Jr., the assignee of said Tax Certificate, a Tax Deed for the lands which are the subject of this action.

"No. 11. The court finds that any right, title, or interest which Defendant and Cross-Complainant Florencio Garcia, may previously have had, was extinguished by the Tax Sale made to Plaintiff Thomas Werner, Jr., who holds good and sufficient title by virtue thereof."

An examination of Tax Sale Certificate No. 7772 offered in evidence by the plaintiff shows on its face that the disputed land was sold to the State of New Mexico on January 19, 1948, this being the first day of the sale. Section 76–701 of the 1941 Compilation, provides:

"On the third Monday in January of each year the treasurers of the several counties of this state shall offer for sale and sell at public vendue the real property * * * situate in their respective counties upon which taxes are more than six (6) months delinquent as shown by the tax rolls of the county for any year or years * * *. Such sales shall be held in the office of the county treasurer * * unless all of the property so offered for sale shall sooner be sold to purchasers other than the state.

Section 76–707 provides:

"On the fifth day of the sale, all property on which no acceptable bid has been received, shall be sold to the state of New Mexico for the amount of the taxes, penalties, interest and costs due thereon. * * * "

▮ It will thus be seen that the Treasurer of Sandoval County sold the land involved herein to the State of New Mexico on the first day of the sale instead of the fifth day as provided for by the above sec-

tions. However, this case is controlled by Maxwell v. Page, 23 N.M. 356, 168 P. 492, 5 A.L.R. 155, wherein we construed the above provisions as providing that a sale had prior to the time directed by the statute was a valid sale. We held, in effect, that a tax sale held prior to the time appointed by the statute was nevertheless valid by reason of the curative provisions of the Act and could not be avoided by reason of being premature, the time of sale appointed by the statute being directory and not mandatory.

█ The record further discloses that the above certificate was assigned to plaintiff on January 23, 1950, and that a tax deed was issued pursuant thereto on the same day to plaintiff; exactly four days *after* the period of redemption had expired. The statute, section 76–711 of 1941 Comp., regulating assignments of tax sale cerificates by county treasurers, provides tax sale certificates issued to the State of New Mexico may, at any time *before* the redemption period of 2 years shall have expired, be sold and assigned by him to anyone applying for such assignment.

Since no assignment of the tax sale certificate, issued to the State, having been made *before* the 2 years period of redemption expired, title vested in the State by operation of law, and the failure of the county treasurer, *immediately* upon the expiration of the redemption period, to execute a tax deed to the State as provided by section 76–724 of the statute, did not authorize the county treasurer to thereafter assign the certificate and issue a tax deed based thereon to a third party, such authority resting solely with the State Tax Commission, and the action of said treasurer was without authority and wholly void. In Kershner v. Sganzini, 45 N.M. 195, 113 P.2d 576, 581, 134 A.L.R. 1290, we said:

"The treasurer was without authority to assign the certificate in question, after Dec. 12, 1938, even assuming all prior acts with reference to the certificate and touching upon the sale to be immune from attack. The state became the owner of all unassigned tax sale certificates after the expiration of two years from Dec. 12, 1936, and there was enjoined upon the county treasurer of Taos County the duty to *immediately* execute deeds to the state. * * * The general rule is that 'Assignments of tax sale certificates must be made at or within the time prescribed by law.' 61 C.J. 1323, § 1850."
The court further said:

"Appellees are, therefore, strangers to the title because they hold under a deed executed without authority of law. It is based upon a tax certificate which the treasurer had no authority to sell

or assign after Dec. 12, 1938, but which, nevertheless, he did attempt to sell and assign thereafter."

See, also Ross v. Daniel, 53 N.M. 70, 201 P.2d 993; where we held that on the last day of the sale the title vested in the state, subject to the preferential right of repurchase by the former owner, and that the attempted assignment of the tax sale certificate and issuance of the tax deed by the county treasurer to a third party subsequent to the expiration of the period of redemption were ultra vires.

Based upon the authority of the above cases, we hold the tax deed void for the reason that the county treasurer was without authority to assign the tax sale certificate issued to the State, and upon which the deed issued, after the period of redemption had expired. Neither the plaintiff nor defendant has any title to the property.

Ordinarily we do not consider matters not raised by the parties, but this case is an exception, as we find that the title to the property involved herein vested in the State and the public interest requires that we raise this question on our motion.

For the reasons given, the cause is reversed and remanded with instructions to the district court to set aside its decree as to the plaintiff's title under his complaint and enter a decree not inconsistent herewith.

The costs of this court shall be apportioned equally between the parties.

And it is so ordered.

McGHEE, COMPTON and COORS, JJ., concur.

SADLER, C. J., did not participate.