315 P.2d 517

The VILLAGE OF CLOUDCROFT, New Mexico, a Municipal Corporation, Appellee,

v.

T. J. PITTMAN and Winnie E. Pittman, Appellants.

No. 6185.

Supreme Court of New Mexico.
Sept. 12, 1957.

Shipley & Seller, Alamogordo, for appellees.

HENSLEY, District Judge.

The Village of Cloudcroft, a municipal corporation, situate in Otero County, New Mexico, brought an action in ejectment in the District Court of that county against T. J. and Winnie Pittman, husband and wife. From an adverse judgment, the defendants have appealed.

Basically, the controversy is concerned with the ownership and right to possession of a strip of land twenty feet in width and comprising a total of 3.17 acres in Section 5, Township 16 South, Range 12 East in Otero County. The Village contends that the strip of land lies adjacent to the northwest side of Block 7, and the appellants Pittman contend that the tract is a part of Block 7.

The appellants have set forth 16 points upon which they seek to reverse the judgment of the trial court. First, the appellants say the court erred in not sustaining defendants' motion to dismiss made at the conclusion of the plaintiff's case. Points numbered two through seven attack the findings of fact made by the trial court. Points numbered 8 and 9 challenge the correctness of the conclusions of law made by the court. Point number 10 charges that the trial court erred in refusing the appellants' (defendants below) requested find-

Garland, Sanders & Martin, Las Cruces, for appellants.

ings of fact. Point number 11 is predicated upon the court's refusal to adopt appellants' requested conclusions of law. Point number 12 alleges error on the part of the court in refusing to give the defendants judgment on their third defense. For the sake of convenience and clarity it may be well to here note that the defendants' third defense was an allegation that the defendants acquired title to Block 7 by virtue of a deed from Cloudcroft Company, a corporation, on June 19, 1943, had paid the taxes thereon ever since and were at all times subsequent to June 19, 1943, in the open, actual, notorious, exclusive, uninterrupted and peaceable possession of said Block 7. Points 13, 14 and 15 assert that the court erred in failing to give the defendants judgment on their defense of adverse possession, laches and the statute of limitations. Point 16 alleges error by the trial court in refusing the defendants' claim for $20,000 expended by defendants in improvements to the twenty ft. strip of land.

Reverting to the first point raised by the appellants, that is, the accuracy, or inaccuracy, of the court in overruling the defendants' motion to dismiss at the close of the plaintiff's case, we are required to examine the evidence introduced up to that point in the proceedings.

Briefly, the exhibits introduced by both sides to this controversy during the plaintiff's case in chief show the chain of title from patent. Although there were but few conveyances we will refer first to that deed conveying title to Cloudcroft Company, a corporation, in 1906. Thereafter, on April 14, 1936, the Cloudcroft Company, a corporation, executed a deed which was duly recorded ten days later, and which described the 20 ft. strip of land in controversy. The grantee was Alamogordo and Sacramento Mountain Railway Company, a corporation. The El Paso and Southwestern Railroad Company, a corporation, succeeded in interest to the assets of the Alamogordo and Sacramento Railway Company. Thereafter, the successor railway company executed its deed describing the 20 ft. strip in controversy to H. D. Fulwiler and J. C. Read in 1947. The last named grantees on December 16, 1949, executed their deed describing the 20 ft. tract of land to the Village of Cloudcroft, appellee here and plaintiff below. The exhibits further disclose a deed dated June 19, 1943, wherein Cloudcroft Company was the grantor and T. J. Pittman and Winnie E. Pittman, appellants herein, were grantees. The deed describes all of Block 7. This is the instrument upon which appellants base their title. It is well to note here that this instrument was made seven years and two months after the Cloudcroft Company had described the 20 ft. strip of land in a deed to a predecessor in title of appellee. Appellants' brief on this point blithely omits this singular bit of information. The appellant, T. J. Pittman, was called by the plaintiff as an adverse

witness during the plaintiff's case in chief and admitted, (a) that he knew that in the center of the 20 ft. strip of land and buried beneath its surface was a water main owned by the Village of Cloudcroft; (b) that five feet west of the water main there was a sewer line owned by the Village of Cloudcroft; (c) that he had known of these lines for 23 years; (d) that he owned property on both sides of the lines and the improvements thereon were connected to the lines; (e) that for a long period of time he was a member of the Board that managed the affairs of the community of Cloudcroft prior to incorporation as a Village; (f) that the 20 ft. strip of land had also been used as a public roadway; (g) that in 1952 he had erected two stone walls across the 20 ft. strip and either built or moved two houses partially on the strip in controversy; (h) that the Village had refused his application for building permits, and (i) that he had actual knowledge of the deed under which the Village of Cloudcroft claimed title in 1953. With this evidence before the trial court we will for the moment pass to appellants' second point.

Under Point Two relied upon for reversal the appellants have consolidated their points 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11. Inasmuch as each of these points attacks the Findings of Fact and Conclusions of Law by the court, it is necessary that they be set forth herein. They are as follows:

"Findings of Fact

"1. That the plaintiff at all times material hereto was the owner in fee simple of the title to the land described in Paragraph 3 of the Complaint, by a perfect chain of conveyance from the United States of America to the Plaintiff, all of which conveyances were duly and regularly recorded in the records of Otero County, New Mexico, in the office of the County Clerk and Recorder of said County.

"2. That at all material times prior to the year 1952, the Plaintiff and its predecessors in title and interest were in actual, open, notorious and exclusive possession of this land involved in this case and had constructed thereon and thereunder a four inch water main and a sewer line, both of which were in use at all material times.

"3. That at all material times, the Defendants had actual knowledge of the occupancy and use of the land involved herein by the Plaintiff and its predecessors in title for a water main and a sewer line owned by the Plaintiff and its predecessors in title.

"4. That in the year 1952, the Defendants, over the objection of the Plaintiff, constructed a stone wall over and across both the North and South ends of the land involved here and like-

wise constructed a dwelling house on and over the East 8½ feet of the South part of said land and erected a building on and over the north part of the land involved.

"5. That at the time of the commencement of this action, the Defendants were in possession of the premises involved herein, and at that time the Plaintiff had a right to the possession thereof.

"6. That at the time the Defendants entered the premises involved herein, they had both actual and constructive knowledge of the ownership of said land by the Plaintiff.

"7. That prior to the entry upon the lands involved herein and prior to the construction of any structure or improvements thereon by the Defendants, the Defendants had both written and verbal notice of the claims of the Plaintiff to said lands.

"Based upon the foregoing Findings of Fact, the Court makes the following

"Conclusions of Law

"1. That the Plaintiff is entitled to judgment for its costs and for recovery of the possession of the premises involved herein and more fully described as follows:

"A strip of Land Twenty (20) feet in width, being Ten (10) feet in width on each side of a center line hereinafter described over Section Five (5), Township Sixteen (16) South, Range Twelve (12) East, New Mexico Principal Meridian, said center line being described as follows:

"Commencing at the intersection of the west line of said Section Five (5) with the Third Standard Parallel South, Township Sixteen (16) South, Range Twelve (12) East, New Mexico Principal Meridian; then South Sixteen degrees, Twenty minutes East (S.16° 20′ E.) a distance of One Thousand Four Hundred Twenty-eight and 80/100 (1428.80) feet, to a point at the intersection of Chipmunk Avenue and Curlew Place, the point of beginning; thence South twenty-five degrees, thirty-two minutes West (S.25° 32′ W.) a distance of Two hundred sixty-five and 30/100 (265.30) feet to a point.

"2. That a Writ of Possession should be issued to the Sheriff of Otero County, New Mexico, directing that he deliver the possession of the aforesaid premises to the Plaintiff and that he collect the judgment for costs rendered herein, together with the costs of serving said Writ of Possession.

"3. That the Defendants are not entitled to any damages by reason of the erection of any structures or improvements on said land.

· "All requested findings of fact and conclusions of law inconsistent herewith are hereby refused.

"To all of which the Defendants are allowed an exception.

"The defendants are given fifteen (15) days within which to file their formal exceptions.

"Done at Roswell, New Mexico, this 25th day of May, A. D. 1956.

/s/ Geo. T. Harris
"District Judge By Designation."

In review on an appeal involving the sufficiency of evidence to support findings in favor of the plaintiff, reviewing court will view situation and testimony in aspect most favorable to the plaintiff. Erb v. Hawks, 52 N.M. 166, 194 P.2d 266; Hopper v. White, 54 N.M. 181, 217 P.2d 260; Huston v. Huston, 56 N.M. 203, 242 P.2d 495; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511. In the face of this well established precedent we are asked to set aside the findings of the trial court. This we cannot do. There was substantial evidence to support finding of fact No. 1, in the recorded deeds. The admissions of the defendant alone will support the remaining findings. Neither do we find error in the

conclusions of law Nos. 1 and 2 made by the trial court. The remaining objections under this point are to the court's refusal to grant defendants' requested findings.

In view of our approval of the court's findings as made, these objections are ipso facto overruled.

The appellants' points 12, 13, 14 and 15 urge reversal in that the trial court did not allow the defenses of laches and the statute of limitations. The evidence before the trial court submitted by the witness Daniels, who in 1951 as Mayor of the Village, warned the defendants against placing obstructions on the 20 ft. strip, the further evidence of the refusal of the Village to grant a building permit to the defendants to place a building in the area without first designating the lot number in 1952, combine to rebut the defense of laches even as against an individual. In Ross v. Daniel, 53 N.M. 70, 201 P.2d 993, 996, we said:

"The doctrines of laches and estoppel are so related that what has been said with respect to estoppel applies with equal force to the doctrine of laches. The tardiness of public officers in the performance of duties enjoined upon them by statutes cannot be entertained as a defense to an action by the state to enforce a public right or to protect public interests."

The finding of the trial court that the Village of Cloudcroft and its predecessors

in title had been in the open, notorious and exclusive possession of the 20 ft. strip of land at all times prior to 1952 was supported by substantial evidence which has already been pointed out in this opinion. The point is wholly without merit.

The appellants' 16th point complains of the trial court's refusal to allow their claim of $20,000 which they testified was the approximate cost of improvements placed partially upon the 20 ft. strip of land. In support of this claim the appellants invoke § 22–8–14 of New Mexico Statutes 1953 Annotated. We quote that section:

"22–8–14. In all actions of ejectment, when the defendant or tenant in possession in such suit shall have title of the premises in dispute either by grant from the government of Spain, Mexico, or the United States, deed of conveyance founded on a grant or entry for the same, tax deed or other color of title, such defendant or defendants may file at the time of the filing of the pleas in said cause a notice to the plaintiff, that on the trial of said cause he or they will prove what improvement he or they may have made on the said lands in dispute and the value thereof. After which notice being filed, the said plaintiff may file a notice within twenty (20) days thereafter, to the said defendant or defendants or tenant in possession, that in like manner he or they will prove the amount of the mesne profits of the said premises: Provided, that no improvements shall be taken into valuation and allowed for, that shall have been made after the execution of the original summons in each suit or after the plaintiff, his agent or attorney, shall have served said defendant or tenant in possession with a written notice that he or they claim title to the land, specifying in said notice the nature of the claim; nor shall any mesne profits be valued and recovered except such as may have accrued after the commencement of the suit or notice given as aforesaid."

Here, the appellants to prevail must show, (1) "color of title," (2) the value of the "improvements," Sandoval v. Perez, 26 N.M. 280, 191 P. 467. Clearly the legislature intended that the true owner of a tract of land should not profit or be unjustly enriched by improvements made thereon by one who in good faith had been occupying and improving the land. Having in mind the use to which this land had been put for 23 years to the actual knowledge of the appellant we cannot say that the improvements here are aught but encroachments, encroachments made after and over the objection of the appellee. The trial court's refusal to allow the claim is here upheld.

From what has been incorporated herein since the reference to appellants' Point 1, it is now clear that the trial court's refusal to sustain the appellants' motion to dismiss.

made at the close of the plaintiff's case in chief was correct.

Finding no error, the judgment of the trial court should be affirmed and the trial court directed to proceed with the enforcement of its judgment, and it is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

LUJAN, C. J., and KIKER, J., not participating.