371 P.2d 604

**MOUNTAIN STATES AVIATION, INC.,**
**Plaintiff-Appellee,**

v.

**A. R. MONTGOMERY, Defendant-Appellant.**

No. 6905.

Supreme Court of New Mexico.

May 15, 1962.

Cooney, Schlenker & Briones, Farmington, for appellant.

Tansey, Wood, Rosebrough & Roberts, Farmington, Holland & Hart, Denver, Colo., for appellee.

PER CURIAM.

By motion for rehearing, it has been made to appear that we were in error in holding that the appeal in this case was not timely filed. The thirtieth day after entry of judgment was a Sunday and the thirty-first day fell on Labor Day. Time for filing the order allowing appeal was therefore extended until September 6, 1960. The origi-

nal opinion is, accordingly, withdrawn and the following substituted in lieu thereof:

NOBLE, Justice.

The action is to recover a deficiency after private sale of an airplane under a defaulted note and chattel mortgage. Appeal is taken from a judgment for the deficiency.

Appellant bought an airplane, giving his note secured by chattel mortgage on the plane in the principal sum of $24,314.00 agreeing to make monthly payments, only one of which was made. Upon default, appellee repossessed the airplane in Farmington and with appellant's consent took it to appellee's showrooms in Denver for resale. There, appellant attempted for some three weeks to sell the airplane from the showroom floor. Being unable to sell it at retail, appellee asked for and received three bids, the highest of which ($13,825.00) was accepted. The sale was made to Combs Aircraft, Inc. The president of appellee's corporation was also president of Combs Aircraft, Inc., the purchaser. Judgment was for the difference between the amount due and the resale price plus attorneys fees and expenses of repossession and sale.

While the single ground relied upon for reversal is a claimed lack of substantial evidence to support certain findings and conclusions, it appears that appellant's real complaint is his contention that the wrong measure of recovery was used as a basis for the judgment. Appellant contends that recovery should be limited to the difference between the balance due on the contract and the market value of the repossessed chattel. The complaint is that in this case the resale price of the repossessed airplane was used instead of market value.

■ Where, however, there has been an actual resale of a repossessed chattel, under a chattel mortgage or conditional sales contract, its market value may be established by the resale price if the resale is a fair sale according to established business methods with no attempt to take advantage of the defaulting mortgagor. Obrecht v. Crawford, 175 Md. 385, 2 A.2d 1, 119 A.L.R. 1129; Bulldog Concrete Forms Sales Corp. v. Taylor, 7 Cir., 195 F.2d 417, 49 A.L.R. 1. The trial court found that appellee properly exercised its option to declare the entire balance of the note due and further:

"11. That plaintiff was reasonably diligent in obtaining the best price possible for said airplane.

"12. That the sales price obtained by the plaintiff for the airplane was a fair and reasonable price.

"13. * * *

"14. That there were no fraudulent or collusive acts on the part of the plaintiff in connection with the repossession and sale of the airplane."

■■ Without detailing the evidence at length it shows the opinion of witnesses as to the market value of the repossessed air-

plane varied from $14,500.00 to $16,000.00. There is testimony that appellee cleaned the airplane to make it more presentable and testimony of the unsuccessful efforts over a period of three weeks to sell it at retail. Upon bids, it was sold for $13,825.00. The evidence further shows that the purchaser at the resale traded it to an airplane dealer who sold it in the usual course of business for $14,000.00. Viewing the evidence in the light most favorable to support the judgment and disregarding all evidence to the contrary, Brown v. Cobb, 53 N.M. 169, 204 P.2d 264; Southern Union Gas Co. v. Cantrell, 56 N.M. 184, 241 P.2d 1209; Tidwell v. Reeder, 56 N.M. 617, 247 P.2d 860; State ex rel. Magee v. Williams, 57 N.M. 588, 261 P.2d 131; Maryland Casualty Co. v. Jolly's Welding Service, 67 N.M. 101, 352 P.2d 1013, we conclude that the evidence substantially supports the findings of the trial court, and such findings are conclusive on appeal. Hopper v. White, 54 N.M. 181, 217 P.2d 260; Chavez v. Gutierrez, 54 N.M. 76, 213 P.2d 597; Farrar v. Hood, 56 N.M. 724, 249 P.2d 759. Under the facts of this case, it was not erroneous to apply the resale price as market value.

Finding no error, the judgment is affirmed.

IT IS SO ORDERED.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.