654 P.2d 1038

**STATE of New Mexico, ex rel. DEPARTMENT OF HUMAN SERVICES, Petitioner-Appellant,**

v.

**Henry J. DAVIS, Respondent-Appellee.**

**No. 14209.**

Supreme Court of New Mexico.

Nov. 22, 1982.

Jeff Bingaman, Atty. Gen., Dorsett C. Bennett, II, Asst. Atty. Gen., Roswell, for petitioner-appellant.

Cox, Imke & Proctor, Max Houston Proctor, Hobbs, for respondent-appellee.

## OPINION

SOSA, Senior Justice.

The State brought this action pursuant to Section 40–5–7, N.M.S.A.1978, to have the respondent, Henry Davis, declared to be the legal father of Adriane Clay and to obtain payment for prior and future public assistance payments made on the child's behalf by the Department of Human Services. After a hearing on respondent's motion to dismiss, the district court dismissed the cause of action with prejudice on the ground that the common law doctrine of laches applied. The State appeals. We reverse the district court.

There is no time limitation on proceedings to enforce the obligations of a father which are initiated by the State. § 40–5–23, N.M.S.A.1978. The State has the right to pursue this matter pursuant to Section 40–5–7 which states that a proceeding to compel support and establish the parentage of a child may be brought by the State. The Department of Human Services is the state agency with the duty and power to seek reimbursement for public assistance payments and to establish the paternity of a child born out of wedlock. §§ 27–2–27 and 27–2–28, N.M.S.A.1978 (Repl.Pamp. 1982).

We consider whether the doctrine of laches may be applied against the State and whether the elements of laches were met in this case.

The weight of authority is that when a sovereign institutes a suit to enforce a public right or protect a public interest, laches cannot be set up as a bar. 30A C.J.S. *Equity* § 114 (1965). The case law in New Mexico is in accord. The general rule in New Mexico is that "[t]he tardiness of public officers in the performance of duties enjoined upon them by statutes cannot be entertained as a defense to an action by the state to enforce a public right or to protect public interests." *Ross v. Daniel,* 53 N.M. 70, 76, 201 P.2d 993, 996 (1949) (citations omitted); *see also Village of Cloudcroft v. Pittman,* 63 N.M. 168, 315 P.2d 517 (1957). "The doctrines of laches and estoppel are so related that what has been said with respect to estoppel applies with equal force to the doctrine of laches." *Ross v. Daniel,* 53 N.M. at 76, 201 P.2d at 996. Although estoppel is not usually applicable against a sovereign in the exercise of governmental functions, it will be applied where right and justice demand it. *Silver City Consol. Sch. Dist. No. 1 v. Board of Regents,* 75 N.M. 106, 401 P.2d 95 (1965). However, laches is not favored and should be applied only where a party has been guilty of inexcusable neglect in enforcing his rights. *Cain v. Cain,* 91 N.M. 423, 575 P.2d 607 (1978).

Whether the doctrine of laches applies depends upon the circumstances in each particular case. *See Hart v. Northeastern N.M. Fair Ass'n,* 58 N.M. 9, 265 P.2d 341 (1953). The application of laches would be appropriate in the instant case only if all the elements were met. *See Butcher v. City of Albuquerque,* 95 N.M. 242, 620 P.2d 1267 (1980). There are four elements necessary to find laches:

(1) Conduct on the part of the defendant, or of one under whom he claims, giving rise to the situation of which complaint is made and for which the complainant seeks a remedy, as, for example, an invasion by the defendant of the complainant's right, . . .; (2) delay in asserting the complainant's rights, the complainant having had knowledge or notice of the

defendant's conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant or the suit is not held to be barred.

*Morris v. Ross,* 58 N.M. 379, 381–82, 271 P.2d 823, 824–25 (1954) (quoting 19 AM. JUR. *Equity* § 498 (1939)).

 The facts in this case are not in dispute. Respondent had sexual relations with the child's mother. The child, Adriane Clay, was born on May 30, 1973. Debra Clay never notified respondent about his possible paternity. The State sent him a registered letter about the child on May 8, 1974. Mr. Davis testified that he did not recall receiving such a letter, although he admitted that the signature on the return receipt appeared to be his. The State took no further action until it filed a paternity petition on March 24, 1981.

Respondent contends that the third and fourth elements of laches have been met. The third element requires that respondent have *no* knowledge or notice that the State would assert its right. *Id.* Mr. Davis did not lack the requisite notice because he was contacted by the State about the child in 1974. In addition, respondent would not be prejudiced or suffer injury in the event the suit is not barred. It would not be an injury to be held responsible for the support of his child if he is determined to be the father. Because Mr. Davis had notice and will not be injured, the facts in the instant case do not meet the elements of laches.

It is clear that a determination of the paternity of this child is in the public interest. The State is seeking reimbursement for payments it has made in excess of $6,000 as well as future support payments for so long as the child receives public assistance. Absent proof of inexcusable neglect, the State will not be barred from maintaining the action on this set of facts.

The order of the district court is accordingly reversed and the cause remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE, C.J., and FEDERICI and RIORDAN, JJ., concur.