180 P.2d 790

RINGLE DEVELOPMENT CORPORATION v. CHAVEZ et al.

No. 4992.

Supreme Court of New Mexico.
May 7, 1947.

R. P. Barnes, Allen M. Tonkin and William J. Truswell, all of Albuquerque, for appellant.

Gilberto Espinosa, of Albuquerque, for appellees.

McGHEE, Justice.

Appellant, plaintiff below, seeks a reversal of an order dismissing, with prejudice, his cause of action against appellees, made under the provisions Sec. 19-101(41) (e) (1), 1941 N.M.Code. We will hereafter refer to the parties as they appeared in the district court.

Complaint was filed October 30, 1943, service was had and issue joined in due course. On January 21, 1946, the defend-ants filed a motion setting out that nothing had been done toward bringing the case to final determination for more than two years and asking that it be dismissed with preju-dice. The plaintiff thereupon filed the affi-davit of its president reciting that his fail-ure to act had been caused by the absence of two material witnesses; that one had been out of the jurisdiction of this court more than 2½ years in defense service of the United States, and that the other had been in the United States Navy about three years; that the witnesses had continued such service until a very recent date, so that he had been unable to safely have the case set for trial.

Incidentally, both witnesses were mem-bers of the bar, one residing in Bernalillo County and the other in Valencia County. The order does not state whether the trial judge deemed the rule made his action man-datory, or whether he exercised his discre-tion. The plaintiff contends that the rule is not mandatory and that the trial court so abused his discretion as to require a rever-sal.

The disposition of this case requires the consideration of two rules of this court: Rule 41(b), section 19-101, 41(b) 1941 Code, adopted from the Federal Rules of Civil Procedure, rule 41(b), 28 U.S.C.A. follow-ing section 723c, reading: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defend-ant may move for dismissal of an action or

of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

and Rule 41(e), section 19-101, 41(e) (1), 1941 N.M.Code originally enacted by the Legislature as Chapter 121, Laws of 1937, and later adopted by us as a rule, reading: "In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

The federal rules do not contain a provision like our Rule 41(e), but see American Nat. Bank & Trust Co. of Chicago v. United States, 79 U.S.App.D.C. 62, 142 F.2d 571, in which it is held that while the federal rules did not provide for such a dismissal, yet under the inherent authority of the court it could be dismissed and Rule 41(b) operates so that it amounts to an adjudication on the merits, which means that it is with prejudice. Also see Barger v. Baltimore & O. R. Co., 75 U.S.App.D.C. 367, 130 F.2d 401; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281; Sweeney v. Anderson, 10 Cir., 129 F.2d 756; Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406.

Section 583 of the Code of Civil Procedure of California is quite similar. It reads: "Any action * * * shall be dismissed by the court * * * unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

This statute has been construed by the California courts as requiring mandatory dismissal of actions within the statute. See annotations in 112 A.L.R. 1159.

We think the proper rule was announced by the Supreme Court of California in

Christin v. Superior Court, 9 Cal.2d 526, 71 P.2d 205, 208, 112 A.L.R. 1153, 1155, 1157, where it said:

"The purpose of the statute is plain: to prevent avoidable delay for too long a period. It is not designed arbitrarily to close the proceeding at all events in five years, for it permits the parties to extend the period without limitation, by written stipulation. And, as we have already pointed out, despite the mandatory language implied exceptions are recognized. Are these exceptions based upon the technical concept of jurisdiction, and applicable only where the court is completely lacking in the legal power to proceed, or do they arise from the fact that the party is unable, from causes beyond his control, to bring the case to trial? The carefully reasoned opinion in Estate of Morrison, supra, [125 Cal.App. 504, 14 P.2d 102,] is illuminating here. The court declared that the case of Kinard v. Jordan, supra, [175 Cal. 13, 164 P. 894,] had 'established the precedent of disregarding the time during which the jurisdiction of the trial court was suspended, thereby setting reality above artificiality.' The opinion also states (at page 510 of 125 Cal. App., 14 P.2d 102, 106):

" 'Situations are thus recognized which repel a strained construction of the statute.

" 'No logical distinction can be made between a temporary suspension of proceedings in the trial court, consequent upon a dismissal induced by fraud or mistake, and a suspension of the power of the trial court to proceed by reason of the pendency of an appeal. In either case, the action or proceeding is withdrawn from the cognizance of the court of first instance during the period of suspension.'

"The theory of this decision seems to us to be equally applicable to a situation where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile. In this connection, a useful analogy may be drawn from the rules on impossibility as a defense in the enforcement of contract obligations. Modern cases recognize as a defense not only objective impossibility in the true sense, but also impracticability due to excessive and unreasonable difficulty or expense. See Mineral Park Land Co. v. Howard, 172 Cal. 289, 156 P. 458, L.R.A. 1916F, 1; People v. Meyers, 215 Cal. 115, 8 P.2d 837; Restatement, Contracts, § 454."

█ Construing Rules 41(b) and 41(e) together, we hold that except where the time is tolled by statute, such as the Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S.C.A.Appendix, § 521, or unless process has not been served because of inability to execute it on account of the absence of the defendant from the state, or his concealment within the state, or unless from some other good reason, the plaintiff

is unable, for causes beyond his control, to bring the case to trial, the provision for dismissal is mandatory.

It does not appear from the record in this case that there was any reason beyond the control of the plaintiff why this suit could not have been prosecuted.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.