355 P.2d 284

Arthur L. MOORE, Plaintiff-Appellee,

v.

Florence W. ARMSTRONG and Andrew F. Armstrong, Defendants-Appellants.

No. 6662.

Supreme Court of New Mexico.

Sept. 13, 1960.

W. C. Whatley, Raymond E. Riordan, Las Cruces, for appellants.

T. K. Campbell, Las Cruces, for appellee.

MOISE, Justice.

Defendant-appellant appeals from a judgment against her in the amount of $360.00 growing out of an automobile accident.

It appears that defendant was driving her 1956 Volkswagon bus east on Mountain Avenue in Las Cruces at a speed of 5 to 10 miles per hour when she decided to make a left turn into a roadway leading to the north to a street known as Farney Road. Mountain Avenue is a two-lane black topped street. The roadway to the north, now known as Turrentine Drive, was unpaved and to enter it, there was a decline of some four feet from the level of Mountain Avenue.

Immediately before starting to turn to her left defendant had looked in her rearview mirror and had seen plaintiff's 1951 Oldsmobile some 60 to 65 feet behind her. It appears that plaintiff was traveling at a speed of 30 to 35 miles per hour, and without giving any signal by horn or otherwise started around defendant. When plaintiff was in the process of passing defendant on the left, defendant started to make a turn to the left into the roadway, Turrentine Road, without giving any signal, and in order to avoid a collision with her, plaintiff pulled off sharply to the left sideswiping a tree and then careening into a second tree, resulting in the demolishing of plaintiff's car and damages to him in the amount for which judgment was entered.

Appellant argues two claimed errors, viz., (1) that the court erred in finding negligence on the part of defendant and that this negligence was the sole proximate cause of plaintiff's damages, and (2) that the court erred in its finding No. 3 to the effect that the road into which defendant was about to turn was not a public highway within the meaning of the statute, but was a private road, and that the point of its intersecting with Mountain Avenue was not an intersection of two highway within the meaning of the statute.

■ Concerning the first point, it should be apparent that under our oft repeated rule of decision findings of a trial court of negligence and absence of contributory negligence will not be disturbed on appeal unless not supported by any substantial evidence and reasonable inferences growing therefrom or unless reasonable minds cannot differ concerning a contrary result. Ashley v. Fearn, 64 N.M. 51, 323 P.2d 1093; Perini v. Perini, 64 N.M. 79, 324 P.2d 779; Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598, 22 A.L.R.2d 285.

In the instant case there was conflicting testimony concerning defendant having given a signal of her intention to turn, and the court found no signal was given and that this was negligence on the part of defendant which caused the accident. Under the rule stated above, the judgment must be upheld unless the court erred in its finding and conclusion that plaintiff was not contributorily negligent as a matter of law so as to bar recovery by virtue of his action in attempting to pass defendant at the place where he did.

Defendant's argument under her second point in support of her position that the court erred is to the effect that the road now called Turrentine Road is a public highway under § 55–1–1, N.M.S.A.1953, and where it meets Mountain Avenue is an intersection under § 64–14–17, N.M.S.A. 1953, and that plaintiff's actions in attempting to pass where he did constituted a violation of § 64–18–13, N.M.S.A.1953, and negligence per se barring recovery.

The mentioned statutes are quoted for convenience:

"All roads and highways, except private roads, established in pursuance of any law of New Mexico, and roads dedicated to public use, that have not been vacated or abandoned, and such other roads as are recognized and maintained by the corporate authorities of any county in New Mexico, are hereby declared to be public highways." § 55–1–1, N.M.S.A.1953.

"*Intersection.*—(a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two (2) highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict. * * *" § 64–14–17, N.M.S.A.1953.

"(a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

* * * * * *

"2. When approaching within 100 feet of or traversing any intersection or railroad grade crossing; * * *"
§ 64–18–13, N.M.S.A.1953.

■ The finding that Turrentine Road was not a public highway but was a private road is supported by substantial evidence. It was proven that the roadway was held in private ownership and was not shown on the official map of Las Cruces, and although the court found that the road "has been maintained by the County Road Department," the proof to support such finding does not appear in the record. The court further found that there was no evidence of dedication or acceptance as a public highway, and that it was not a public highway, but rather was a private road. We conclude the court did not err in this determination. Not being a public highway, the place of its meeting with Mountain Avenue was not an "intersection of two highways." This being true, § 64–18–13, N.M.S.A.1953, does not apply.

Having found no error, it follows that the judgment of the lower court should be affirmed.

It Is So Ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.