381 P.2d 425

Myron L. SALLEE and Larry M. Sallee, by his next friend, Myron L. Sallee, Plaintiffs-Appellants,

v.

Arthur Henry SPIEGEL, Defendant-Appellee.

No. 7153.

Supreme Court of New Mexico.

May 6, 1963.

Key, Cohen & May, Albuquerque, for appellants.

Keleher & McLeod, Russell Moore, Albuquerque, for appellee.

CHAVEZ, Justice.

This is a negligence action for injuries received by plaintiff-appellant, Larry M. Sallee, hereinafter referred to as "appellant," while appellant was attempting to cross Central Avenue, S.E., in Albuquerque, at an alley in the middle of the 2500 block. In the first cause of action, Myron L. Sallee, father and next friend of appellant, prays judgment for hospital and medical expenses. The second cause of action is for personal injuries to appellant. Appellee answered, setting out six separate defenses,

but the primary defense is that appellant was guilty of contributory negligence. The cause was tried by the trial court without a jury who, after making findings of fact and conclusions of law, rendered judgment for appellee. This appeal followed.

On April 26, 1960, at about the hour of 9:55 a. m., appellant was attempting to cross Central Avenue at a place other than a crosswalk. He proceeded in front of a car parked in front of Langell's store; then in front of a pickup truck, whose driver had stopped in the southerly traveled eastbound lane of Central Avenue to allow appellant to cross Central Avenue, and further, said driver motioned to appellant to go on. Appellant stepped in front of said pickup truck, put his hand on the fender, looked both ways, and then started walking across the street when he was struck by appellee's station wagon.

Central Avenue, in the area where the accident occurred, is a six-lane street, including parking area, with east and westbound traffic, separated by a concrete divider. The southerly portion of Central Avenue carries east-bound traffic. Appellant was crossing Central Avenue in front of Langell's store, and to the east of said store there is an alley which intersects Central Avenue from the south.

Appellant testified that he did not see appellee's car before the accident. Appellant was more than halfway across the east-bound lanes of Central Avenue when he was struck by appellee's car. The impact occurred at a point in the south lane of Central Avenue, 12½′ west of a north and south projected line on the west side of the alley which leads into Central Avenue.

The only evidence as to the speed of appellee's car was the testimony of A. O. Pipkin, who estimated the speed by mathematical calculations, using the skid marks as a basis. The skid marks measured were 46′4″, measured from the crack in the divider shown on appellants' exhibits numbered 3 and 7. The skid marks were actually longer than 46′4″, since they extended to the west of the crack, but Mr. Pipkin measured only from the crack eastward.

The trial court made the following pertinent findings of fact:

"5.  That on April 26, 1960, at about the hour of 9:55 A.M., claimant Larry M. Sallee was attempting to cross Central Avenue in the middle of the 2500 block, East, in a place other than a crosswalk and there collided with a certain 1957 Ford Station Wagon owned and operated by the defendant.

"6.  That the plaintiff Larry M. Sallee did not attempt to cross Central Avenue at an intersection and that the accident occurred outside of a crosswalk.

"8. That the defendant was not negligent in the manner in which he operated his automobile.

"9. That the plaintiff Larry M. Sallee was guilty of negligence which proximately contributed to and caused the accident in that he failed to yield the right of way to the vehicle being driven by the defendant and in that he failed to keep a proper lookout in failing to see defendant's automobile when he should have seen same.

"10. That plaintiff Larry M. Sallee was guilty of negligence as a matter of law which proximately contributed to and caused the accident in question in that he was attempting to cross the street at a place other than a crosswalk and failed to yield the right of way to defendant's vehicle in violation of Sec. 64–18–34, N.M.S.A., 1953 Comp.

"17. That the accident in question happened at a point in the south lane of Central Avenue, 12–½ feet west of a north and south projected line on the west side of the alley which leads into Central Avenue."

The trial court concluded:

"2. That the plaintiff Larry M. Sallee is guilty of negligence which proximately contributed to and caused the accident.

"3. That plaintiff Larry M. Sallee is guilty of negligence as a matter of law in crossing the street at a place other than a crosswalk and in failing to yield the right of way to defendant's vehicle in violation of Sec. 64–18–34, N.M.S.A., 1953 Comp. That such negligence as a matter of law proximately contributed to and caused the accident in question."

The four points upon which appellants rely will be considered together. Under point I, appellants contend that an "alley" is a street, as defined in § 64–14–16(a), N.M.S.A., 1953 Comp., and that the joining of the alley east of Langell's store with Central Avenue is an intersection, as provided in § 64–14–17(a), N.M.S.A., 1953 Comp. In short, appellant contends that he was crossing Central Avenue at an intersection and in a crosswalk when he was struck by appellee's car. He argues that an alley which comes to a "T" with another street forms an intersection.

Under points II, III and IV, appellants contend that the trial court's findings of fact are not binding upon this court, because the trial court erroneously interpreted the law with reference to an alley,

which manifestly influenced and controlled the trial court's findings.

The following statutes are cited: (N.M. S.A., 1953 Comp.)

"64–14–16. Streets, roads, driveways and highways.—(a) Street or highway. The entire width between the boundary lines of every way of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular travel."

"64–14–16(c). Roadway. That portion of a highway improved, designed, or ordinarily used for vehicular travel, exclusive of the berm or shoulder. In the event a highway includes two [2] or more separate roadways the term 'roadway' as used herein shall refer to any such roadways separately but not to all such roadways collectively."

"64–14–17. Intersection.—(a) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two [2] highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict."

"64–14–18. Crosswalk.—(a) That part of a roadway at an intersection included within the connections of the lateral ‘nes of the sidewalks on op-posite sides of the highway measured from the curbs or, in the absence of curbs, from the edges of the traversable roadway."

"64–18–33. Pedestrians right of way in crosswalks.—(a) When traffic-control signals are not in place or not in operation the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching so closely from the opposite half of the roadway as to be in danger."

"64–18–33(b). No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield."

"64–18–33(d). Whenever any vehicle is stopped at a marked crosswalk or at any unmarked crosswalk at an intersection to permit a pedestrian to cross the roadway, the driver of any other vehicle approaching from the rear shall not overtake and pass such stopped vehicle."

"64–18–34. Crossing at other than crosswalks.—(a) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or

within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

"64–18–36. Drivers to exercise due care.—Notwithstanding the foregoing provisions of this article [64–18–32 to 64–18–39] every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

▮▮ We are unable to agree with appellants' contentions. Appellant testified that he was attempting to cross Central Avenue directly in front of Langell's store. The accident occurred at a point in the south lane of Central Avenue, 12½' west of a north and south projected line on the west side of the alley which leads into Central Avenue. Thus, the point of impact was not north of the alley, but directly north of Langell's near an alley which runs into Central Avenue from the south and forms a "T" and which alley does not cross to the north side of Central Avenue. It is admitted that there were no markings on or near the place of the accident and a photograph in evidence shows that there is no sidewalk in the alley. There is no evidence in the record before us that the accident occurred at an intersection, as de-

fined in § 64–14–17(a), supra. The record fails to disclose any evidence which would bring the "alley" in question within the definition of a highway, as set out in § 64–14–16(a), supra. Likewise, there is no evidence that the "alley" was "open to the use of the public, as a matter of right," as required by said section.

This court had occasion to consider the question of an "intersection" in Moore v. Armstrong, 67 N.M. 350, 355 P.2d 284. We there quoted § 64–14–17(a), supra, and § 64–18–13(a) (2), N.M.S.A., 1953 Comp. We held that where the roadway was held in private ownership and was not shown on the official map of Las Cruces, and where there was no evidence of dedication as a public highway, it was a "private road" and not a "public road;" and not being a public highway, the place of its meeting with Mountain Avenue was not an "intersection of two highways."

In Davenport v. State of Arizona, ex rel. Industrial Commission, 146 Colo. 401, 361 P.2d 973, the court considered our statute prohibiting passing at an intersection, § 64–18–13(a) (2), supra. It was contended that the area in question was in law an intersection. The court there said:

"* * * It seems clear, however, that this was not an intersection within the meaning of the New Mexico statute. The markings along the highway were such as to allow passing and the road was an access to private property

rather than a public highway. The statutory demand contemplates that it be an intersection of genuine highways in order for the prohibition against passing to operate."

■ Appellant argues that the trial court's decision was based solely upon contributory negligence as a matter of law. We cannot agree. The trial court found that appellant was guilty of contributory negligence as a matter of law, as set out in finding of fact No. 10, supra; however, in finding of fact No. 9, supra, the trial court found that appellant was guilty of contributory negligence "in that he failed to keep a proper lookout in failing to see defendant's automobile when he should have seen same." Finding No. 9, supra, is in no way dependent upon the statutes cited by appellants. The accident occurred at 9:55 a. m. on April 26, 1960. Central Avenue, for a considerable distance on either side of the place of the accident, is a broad, straight and busy street with a center divider. Appellant testified that he came out of Langell's, on the south side of Central Avenue, and looked both ways before proceeding to cross. He took two steps into the north half of the south or east-bound lane of Central Avenue when he was struck by appellee's car. The witness Pipkin testified that appellee's car left skid marks for a distance of 46'4" and had traveled some distance in that lane before the brakes were applied. Pipkin figured the skid marks at

46' and came out with 27½ m. p. h. as the speed of appellee's car.

Appellant testified that he looked both ways and did not see anything, although his vision was unobstructed to the west. He can see well, does not wear glasses, and when asked what was to keep him from seeing the car, replied: "He evidently wasn't there or I would have seen him."

The evidence of record amply supports the trial court's finding of fact that appellant was guilty of contributory negligence, and is conclusive on appeal. We have repeatedly held that findings of the trial court will not be disturbed on appeal unless they are not supported by substantial evidence. Davis v. Campbell, 52 N.M. 272, 197 P.2d 430; Rogers v. Stacy, 63 N.M. 317, 318 P.2d 1116; Hickman v. Mylander, 68 N.M. 340, 362 P.2d 500.

In the instant situation, as shown by the evidence, if appellant had kept a proper lookout he should have seen appellee's approaching car, had he exercised the care of a reasonably prudent person. We do not believe appellant can contend that he looked but did not see appellee's car, which was in plain view and was there to be seen.

Finding no error, the judgment of the district court is affirmed.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.