396 P.2d 594

Paul BROWN and Marie Brown,
Plaintiffs-Appellants,

v.

Fred DAVIS, D. C. Stevenson, J. M. Pearce,
Gause Dunham, Dan Rivera, El Paso Natu-
ral Gas Company and Board of County
Commissioners of Rio Arriba County, De-
fendants-Appellees.

No. 7514.

Supreme Court of New Mexico.

Nov. 9, 1964.

· Robert Hoath LaFollette, Albuquerque,
for appellants.

Standley, Kegel & Campos, Winston Cook, Santa Fe, for appellees Fred Davis, D. C. Stevenson, J. M. Pearce, Gause Dunham and Dan Rivera.

Seth, Montgomery, Federici & Andrews, Frederick M. Mowrer, Santa Fe, for appellee El Paso Natural Gas Co.

Alfonso G. Sanchez, Dist. Atty., Santa Fe, for appellee Board of County Commissioners of Rio Arriba County.

COMPTON, Chief Justice.

The correctness of the judgment dismissing the plaintiffs' complaint under the provisions of § 21–1–1(41)(e), N.M.S.A.1953 Comp., is the question for review on appeal. The pertinent provisions of the statute read:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of said action or proceedings or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

The complaint, the plaintiffs acting pro se, was filed against the first four named individual defendants on October 13, 1960 claiming damages for trespass and the unlawful destruction of property. Thereafter, on November 14, 1960, an amended complaint was filed alleging substantially the same grounds for relief and which included El Paso Natural Gas Company and Daniel Rivera as defendants. The individual defendants entered appearances November 30, 1960. El Paso Natural Gas Company entered its appearance on December 21, 1960 and moved for a dismissal of the complaint for failure to state a claim upon which relief could be granted, and, further, that the complaint be made definite and certain. Plaintiffs' counsel entered into the case January 4, 1962.

On February 10, 1962, without leave of the court having been granted, the plaintiffs filed their second amended complaint asserting the same cause of action as previously alleged in both their original and first amended complaint.

Meanwhile, various motions to dismiss had been filed by the defendants with no

action taken thereon. All resident judges had been disqualified, three by the plaintiffs and one by the defendants, and judges designated to try the cause had recused themselves. Later, Judge Allan D. Walker, having been designated to try the cause, of his own accord, on May 24, 1962, conducted a pretrial conference at which time he held that the filing of the second amended complaint was not only improper but was indefinite. Upon plaintiffs' motion they were allowed an additional 30 days within which to file a third amended complaint so as to include the Board of County Commissioners of Rio Arriba County as a party defendant. The order granting the motion was initialed by counsel for the defendants.

On June 15, 1962, a third amended complaint, again alleging substantially the same cause of action against all defendants including the Board of County Commissioners of Rio Arriba County, was filed. On the same day the Board of County Commissioners of Rio Arriba County entered its appearance. On August 7, 1962, El Paso Natural Gas Company again moved for a dismissal of the complaint for failure to state a claim upon which relief could be granted. Like motions were filed by the individual defendants and the Board of County Commissioners of Rio Arriba County on August 10, 1962 and December 20, 1962 respectively.

Further, on December 20, 1962, all defendants moved for a dismissal of the action under § 21–1–1(41) (e), supra, basing their motion on the record made. On February 8, 1962, the court concluded that the plaintiffs had failed to exercise the required diligence in bringing the action to trial within the statutory period. Judgment was accordingly entered except as to the defendant, the Board of County Commissioners of Rio Arriba County, from which this appeal followed.

■ On January 4, 1963, plaintiffs filed their response setting forth facts which they contend tolled the running of the statute, for instance, the absence of benefit of counsel for some 14 months, the various disqualifications and recusals of trial judges, the pretrial conference, and, particularly, the initialing by defendants' counsel of the order allowing the filing of the third amended complaint. We must disagree; these were not actions to bring the cause to its final determination so as to toll the running of the statute.

This mandatory statute has been considered repeatedly by us. Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790; Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001; Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361; Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574. Admittedly, there was no written stipulation signed by the parties and filed in the case suspend-

ing or postponing final action beyond two years. We fail to see that the facts enumerated show that plaintiffs were unable, due to causes beyond their control, to bring the action to trial within a period of two years of the filing of the complaint.

 The argument is made that appellees' failure to move for a dismissal of the case immediately upon the expiration of the two-year period, the filing of various motions, the initialing of the order by defendants' counsel assenting to a third amended complaint, and the bringing in of the Board of County Commissioners of Rio Arriba County, constituted a waiver of the statute. We see nothing in these acts that would suggest a waiver of the statute, or that would estop the defendants from asserting it. The burden of bringing the case to trial within the statutory period was upon the plaintiffs. Featherstone v. Hanson, supra. Compare Morris v. Fitzgerald, supra.

Previously, we noted that the Board of County Commissioners of Rio Arriba County was not included in the order of dismissal. However, the statute specifically provides that the dismissal shall be "with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint * * *." Consequently, the cause of action being barred, no further proceedings against the Board of County Commissioners of Rio Arriba County may be maintained. Morris v. Fitzgerald, supra.

The judgment should be affirmed, and it is so ordered.

CARMODY and CHAVEZ, JJ., concur.