402 P.2d 960

**Susan R. BEYER and Clarence B. Beyer, Plaintiffs-Appellees,**

**v.**

**R. T. MONTOYA and V. J. Montoya, Defendants-Appellants.**

**No. 7591.**

Supreme Court of New Mexico.

June 7, 1965.

Keleher & McLeod, Russell Moore, Albuquerque, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

MOISE, Justice.

The case arises out of an intersection collision between automobiles being driven by plaintiff-appellee, Susan R. Beyer, and defendant-appellant, R. T. Montoya. Plaintiff-appellee, Clarence B. Beyer, is the husband of Susan R. Beyer and sought recovery for amounts expended by him for medical attention and other expenses resulting from the accident and injuries to his wife, as well as for loss of consortium. Defendant-appellant, V. J. Montoya, is the father of R. T. Montoya who was a minor at the time of the accident. Also, V. J. Montoya was the owner of the car being driven by R. T. Montoya at the time of the accident, which car was maintained for use of the family of V. J. Montoya.

Appellants assert under two separate points relied on for reversal that the court erred in not finding that Mrs. Beyer was guilty of contributory negligence and thus barred from recovery, and in awarding

**230**

judgment in favor of appellees because Mrs. Beyer was guilty of contributory negligence as a matter of law.

Before considering the issues presented by the two points, mentioned above, we must consider appellants' first two points which are to the effect that the court erred in refusing to dismiss the cause under Rule 41(e) (1) of the Rules of Civil Procedure (§ 21-1-1(41) (e) (1), N.M.S.A.1953) and in vacating and setting aside an order of dismissal entered by it and reinstating the cause on the docket. If the appellants are correct in their position on these points it will not be necessary for us to consider the other two points. However, if they are in error, we must then proceed to a discussion of the points relating to claimed contributory negligence.

The record discloses that appellees filed their complaint on September 12, 1958. On September 30, 1958 appellants filed their answer and the case has been at issue since that date. After September 30, 1958, and until February 19, 1962, when the court entered an order dismissing the cause "without prejudice for lack of prosecution" the record does not disclose that anything was done to bring the case to final determination.

Notwithstanding the dismissal on February 19, 1962 the parties, on May 17, 1962, stipulated concerning the taking of the deposition in Tehran, Iran, of one Dr.

Mohamed B. Jadeli, who had been a passenger with Mrs. Beyer when the accident took place, and was the only eye witness other than the parties to the lawsuit. The stipulation provided, among other things, "That upon receipt of Answer to said Interrogatories said matter shall then be tried before the Court. * * *" On the date of the stipulation, counsel for appellees moved for a setting of the case on the merits, and on the same date the court entered an order stating that the matter had been "inadvertently dismissed" and that the dismissal be set aside and the cause reinstated on the docket.

At the opening of the trial on the merits, on September 9, 1963, counsel for appellants stated, "At this time the defendants move the court to dismiss the case with prejudice for failure to bring the case to trial within two years under the rule" to which the court replied, "There has been a movement to take action to bring the case to trial by virtue of letters to the court and settings. I will deny your motion."

Although we have been called upon to consider rule 41(e) (1) many times since its adoption, we again set it out in full:

"In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceed-

ing to its final determination for a period of at least two [2] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint, or cross-complaint by filing in such pending action or proceeding. a written motion moving the dismissal thereof with prejudice."

In Ringle Development Corporation v. Chavez, 51 N.M. 156, 159–160, 180 P.2d 790, is found the following oft-quoted language:

"Construing Rules 41(b) and 41(e) together, we hold that except where the time is tolled by statute, such as the Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S.C.A. Appendix, § 521, or unless process has not been served because of inability to execute it on account of the absence of the defendant from the state, or his concealment within the state, or unless from some other good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial, the provision for dismissal is mandatory."

We do not recede from what was there said. This court has recently interpreted "mandatory dismissal" to mean that dismissal is mandatory only when a written motion under rule 41(e) is filed before plaintiff takes action toward final disposition, even if that action is taken after the two-year period has expired. Martin v. Leonard Motor Co., June 1, 1965, 75 N.M. 219, 402 P.2d 954. Defendant in this case did not make any motion to dismiss, either oral or written, before the trial setting was obtained by the plaintiff. The oral motion made at the outset of the trial was neither timely nor proper. Accordingly, its denial was correct.

Appellants also contend that the trial court erred in setting aside its previous dismissal without prejudice and reinstating the case on the docket. Appellants must fail in this argument for two reasons. First, no such contention was ever presented to the trial court, and, accordingly, cannot be here asserted for the first time on appeal without having afforded the trial court an opportunity to rule on it. Pankey v. Hot Springs Nat. Bank, 46 N.M. 10, 119 P.2d 636; Hendricks v. Hendricks, 55 N.M. 51, 226 P.2d 464. Secondly, and more important, the dismissal order was entered pursuant to the trial court's inherent powers, City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701; Baker v. Sojka, 74 N.M. 587, 396 P.2d 195, and reinstatement less than ninety days later for the stated reason that

**232**

the order had been inadvertently entered, would seem to be within the court's discretionary power to correct mistakes "arising from oversight or omission" at any time of the court's "own initiative" as provided in rule 60(a) (§ 21–1–1(60) (a), N.M.S.A. 1953). Blaine v. Peters (1952), 90 U.S. App.D.C. 207, 194 F.2d 887. Also, compare De Baca v. Sais, 44 N.M. 105, 99 P.2d 106, and Martin v. Leonard Motor Co., supra. We so hold. It follows that appellants' points addressed to the court's refusal to dismiss the cause are without merit.

We now consider appellants' additional points relative to appellees being barred from recovery by virtue of Mrs. Beyer's contributory negligence. It is their position that she cannot recover because she did not see what she should have seen. The collision occurred just north of the centerline of Highland Avenue and just east of the centerline of Solano Avenue. Highland Avenue, which runs in an east-west direction, was a one-way thoroughfare some 33 feet wide at the intersection of Solano. Mrs. Beyer, who was traveling north on Solano, stopped at the stop sign before starting across Highland Avenue. She had proceeded some 17 feet or more into the intersection when her car was struck on the left side at about the left front door by the front of the Montoya car which was traveling east on Highland. Unquestionably, the record discloses a clear and un-

broken view of from 270 to 300 feet to the west from the stop sign on Solano.

Appellants rely heavily on Ortega v. Koury, 55 N.M. 142, 145, 227 P.2d 941, which involved the striking and killing of a small child by a driver proceeding down an unobstructed Santa Fe street. The court there said:

"* * * It was his duty to keep a lookout and actually see what was in the street that he was using, and a failure so to do constitutes negligence on his part. * * *

"'In order to keep a proper lookout, a motorist must do more than merely look; it is his duty to see and be cognizant of what is in plain view or obviously apparent, and he is chargeable with seeing what he should have seen, but not with what he could not have seen in the exercise of ordinary care.

"'Merely looking is not sufficient performance of the motorist's duty to keep a proper lookout. It is his duty, unless some reasonable excuse or explanation for not seeing is shown, to see what is in plain view or obviously apparent, or the things which a person in the exercise of due care and caution would see under like or similar circumstances, and to be cognizant of them and utilize the information obtained to prevent injury to himself and others. He is not absolved from liability by a

failure to see what he could have seen by the exercise of due diligence, but is chargeable with seeing what he should have seen, or that which is apparent or in plain view, or which he could have seen had he looked, or with knowledge of all that a prudent and vigilent operator would have seen.' "

Mrs. Beyer claimed she stopped before entering Highland and looked to the left (west), to the right (east) and again to the left, but saw no car approaching. It is this fact that appellants argue establishes her negligence as a matter of law under the language quoted from Ortega v. Koury, supra.

We do not agree. We cannot say that Mrs. Beyer looked and did not see that which she should have seen before she proceeded across Highland. To a large measure, what was there to be seen would depend on the speed of the Montoya car. But, even more important, we find no violation of any statutory duty. We quote § 64-18-29(a), N.M.S.A.1953, which reads:

"The driver of a vehicle shall stop as required by section 108 [64-18-44] of this act at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway."

We also quote § 66C of the City of Albuquerque traffic code, which was introduced in evidence and reads as follows:

"Vehicles entering through streets or stop intersection. The driver of a vehicle required to stop at a stop sign shall yield the right-of-way to vehicles which have entered the intersection or which are approaching so closely on any said street as to constitute an immediate hazard; but such driver having so yielded may proceed, and the driver of all other vehicles approaching the intersection on such through street shall yield the right-of-way to the vehicle so preceding into or across the through street."

If, as a matter of fact, Mrs. Beyer stopped at the intersection and looked to the left and there was no car visible (and there is no evidence to the contrary) and then entered the intersection without the Montoya car approaching so closely "as to constitute an immediate hazard," then Mrs. Beyer had the right of way, and Mr. Montoya had the duty to yield. The trial court found Mr. Montoya negligent and Mrs. Beyer free from negligence. While

under the evidence the court might have concluded that Mrs. Beyer, as well as Mr. Montoya, were negligent, or that Mr. Montoya was free from negligence, in either of which events recovery would have been denied, it does not follow that the facts demonstrate negligence on the part of Mrs. Beyer as a matter of law, or that the court erred in holding that she was free from negligence as a matter of fact. Mr. Montoya's speed, as well as other considerations might explain her failure to see him approaching.

■■ We must view the evidence in a light most favorable to support the court's findings. Mountain States Aviation, Inc. v. Montgomery, 70 N.M. 129, 371 P.2d 604. Upon application of this rule, we conclude that the findings concerning negligence and absence of contributory negligence are amply supported.

■ The following language, which we quote from Williams v. Haas, 52 N.M. 9, 13, 189 P.2d 632, 634, is pertinent:

"Whether the plaintiff has been guilty of contributory negligence barring a recovery is nearly always a question for the jury under proper instructions by the court. It is rarely the case the facts are such that the court can say as a matter of law that plaintiff is himself such an offender against the rules of the road as to deny him recovery. Yet, on occasions it does

thus appear and when it does, the court should not and will not hesitate so to declare. Gray v. Esslinger, 46 N.M. 421, 130 P.2d 24, and cases cited. We think this is not such a case, * * *."

■ Similarly, in the instant case we do not think this court can say as a matter of law that Mrs. Beyer so violated the rules of the road so as to deny her recovery. The question whether she was contributorily negligent was for the trier of the facts. This is not a case where reasonable minds might not differ on the question. Compare, Williams v. Neff, 64 N. M. 182, 326 P.2d 1073; Button v. Metz, 66 N.M. 485, 349 P.2d 1047. We find in none of the cases cited by appellants support for the position they here assert. An entirely different situation is present in cases where the trial court has made a finding of contributory negligence, either as a matter of fact or of law, and has accordingly denied recovery. Such a case was Sallee v. Spiegel, 72 N.M. 145, 381 P.2d 425. Sandoval v. Brown, 66 N.M. 235, 346 P.2d 551, is another.

We find no reversible error in the rulings complained of or in the judgment appealed from. It follows that the judgment should be affirmed.

It is so ordered.

CARMODY, C. J., and NOBLE, J., concur.