423 P.2d 426

**Lester R. DOLLISON, C. B. Akers and B. J. McKenna, Plaintiffs-Appellants,**

**v.**

**FIREMAN'S FUND INSURANCE COMPANY, Defendant-Appellee.**

No. 7945.

Supreme Court of New Mexico.

Sept. 26, 1966.

Rehearing Denied Feb. 13, 1967.

McKenna & Sommer, Santa Fe, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Kenneth L. Harrigan, Albuquerque, for appellee.

OPINION

LaFEL E. OMAN, Judge, Court of Appeals.

This is an appeal from an order entered March 29, 1965 sustaining the defendant's motion to dismiss the plaintiffs' complaint pursuant to the provisions of Rule 41(e) of the Rules of Civil Procedure for the district courts of the State of New Mexico, which appears as § 21–1–1(41) (e), N.M.S.A.1953.

This rule has been the subject of many decisions by this court. For a comment on a number of these decisions see Comment, 6 Natural Resources J., 159 (1966).

We shall not herein endeavor to summarize, distinguish, or reconcile the holdings in the numerous prior decisions involving the application of this rule, but shall confine ourselves to the facts in this particular case and what we conceive to be the proper application of the rule to these facts.

The record in this case, exclusive of matters which we consider of no importance to our decision, reflects that the complaint was filed on September 25, 1961. An amended complaint and a jury demand were filed on February 20, 1962. Answer to the amended complaint was filed April 23, 1962. On May 21, 1963 there were filed a number of interrogatories propounded by defendant to plaintiffs. Answers to these interrogatories were filed on February 20, 1964. The defendant's motion to dismiss was filed on December 23, 1964.

By affidavit of one of plaintiff's attorneys filed January 7, 1965 in opposition to the motion to dismiss, which affidavit is not controverted, it appears that the case was scheduled for pre-trial conference on May 15, 1963. This pre-trial setting was vacated by the court. The case was set for trial on November 17, 1964, but this trial setting was vacated by the court at a pre-trial conference which was conducted prior to November 17, 1964. At this pre-trial conference defendant's counsel indicated that defendant desired to take depositions prior to trial.

 There are attached to the affidavit a number of letters by the trial court addressed to counsel for both sides, and copies of a number of letters addressed to the trial court by counsel for plaintiffs. However, we have consistently held that correspondence between the court and counsel, not reflected in the court file prior to the filing of the motion to dismiss, is not to be considered in determining the question of diligence. Sarikey v. Sandoval, 75 N.M. .271, 404 P.2d 108; Lovato v. Hicks, 75 N.M. 611, 409 P.2d 130; Trujillo v. Harris, 75 N.M. 683, 410 P.2d 401; Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208 filed July 28, 1966. Therefore, we shall not consider these letters.

The case of Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954 is distinguishable from this case only in one factor which may be considered material,

and that difference is that in the Martin case the plaintiff filed a motion requesting a trial setting prior to the filing of the defendant's motion to dismiss. Here we have no such motion filed by the plaintiffs, but a pre-trial conference was conducted and the case was actually set for trial prior to the filing of the defendant's motion to dismiss.

We are unable to perceive how a motion for a trial setting can have greater efficacy in the expedition of litigation than a pre-trial conference and an actual trial setting. It is true the trial setting was vacated, but the court, and not the parties, of necessity had to vacate the setting.

In Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960, we held that under the facts of that case the motion to dismiss made at the opening of the trial on the merits came too late. We now hold that the motion of the defendant in the present case came too late. Action was taken by the trial court and by both parties toward a final determination of this case, and such action was taken before the defendant filed its motion to dismiss.

It follows from what has been said that the order of the trial court dismissing the plaintiffs' amended complaint with prejudice must be reversed, and the amended complaint and this cause be reinstated upon the docket of the district court.

It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

## ON MOTION FOR REHEARING

MOISE, Justice (dissenting).

I cannot permit this opinion to be filed without noting my disagreement. Although I was not a member of the panel that participated in the case, I do this so that the record may show my feeling that our precedents are being departed from without overruling them.

I do not propose to set forth all of the cases holding that the showing of diligence to obtain final disposition of a case must be in the record. The line of cases so holding is unbroken, starting with Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, decided in 1947, down to and including Reger v. Preston, 77 N.M. 196, 420 P.2d 779. I would note that the instant case is indistinguishable in my view from Board of County Commissioners of Chavez County v. Reese, 75 N.M. 326, 404 P.2d 146, wherein no opinion was filed.

Nothing in either Martin v. Leonard Motor—El Paso, 75 N.M. 219, 402 P.2d 954, or Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960, supports the conclusion here reached. In Martin, as noted, the motion to set for trial was filed before the motion to dismiss, although after the passage of more than two years. This was held to be sufficient to establish a good faith effort to bring the case to final determination and to prevent dis-

missal under Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A. 1953).

In Beyer, supra, although the opinion does not so state, a motion to set for trial had been filed. In addition, no written motion to dismiss under Rule 41(e) was ever filed. An oral motion was made at the opening of the trial, and we held such a motion to have been "neither timely nor proper."

I see no support in either of these cases for a conclusion that the motion to dismiss in the instant case came too late. The action taken by plaintiff and by the court before the motion to dismiss was filed was dehors the record, a circumstance which has always before resulted in its being held insufficient to interfere with the operation of the statute. Aside from questions of precedent, stare decisis and consistency in application of our law, I am concerned with where the instant opinion leaves us. What is the rule? Must the showing of diligence be on the record, or may it be shown by proof at a hearing, by affidavit, or by merely filing of correspondence in the clerk's office? Except for affidavits, we have held these things ineffective to show diligence. If the letters themselves are not to be considered because of our previous decisions, do they gain added credence if incorporated in an affidavit? I see no reason why an affidavit is in any sense different, or entitled to more favored treatment than original letters or testimony.

Quite to the contrary. Affidavits are generally regarded to be the most unsatisfactory of all species of evidence. See 2 Wigmore on Evidence, § 1384; 3 Am.Jur.2d 380, Affidavits, § 1, where they are described as "mere affidavits." Such appellation is not uncommon. To now exalt affidavits over actual proof can be explained on no basis except that some excuse, regardless of logic or reason, is being sought to erode the rule heretofore uniformly followed.

Is Schall v. Burks, 74 N.M. 583, 391 P.2d 192, still the law? Has what was said in Trujillo v. Harris (January, 1966) 75 N.M. 683, 410 P.2d 401, and in Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208 (July, 1966) been overruled so soon? In Trujillo is found the following:

"In the instant case the correspondence sought to be considered *was not part of the trial court record* at the time the motion to dismiss was placed before the court. The letters were placed in the transcript as an exhibit in response to the motion to dismiss under Rule 41(e), or attached in accordance with the amended praecipe. We cannot consider them as evidence of plaintiff's efforts to bring the action to its final determination." (Emphasis mine.)

To the same effect is the following which I quote from Briesmeister:

" * * * the correspondence between counsel and the court, and the verbal request for a trial setting, *not being re-*

*flected in the court file prior to the motion to dismiss,* does not constitute the action to bring the case to its final determination contemplated by the rule." (Emphasis mine.)

See also, Brown v. Davis, 74 N.M. 610, 396 P.2d 594, where the fact that a pretrial conference had been held was determined not to be action to bring the cause to final determination.

For all the foregoing reasons I note my disagreement with the opinion filed and on which rehearing is being denied.

COMPTON, J., concurs.